

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LaTausha Simmons,
      Petitioner, Pro Se

In a petition for removal from the 37TH District Court of Macomb County, City of Warren, Michigan

v.

State court case no: W163045A

Macomb County
Prosecutor's Office for the People
of the State of Michigan,
      Respondent.

Case: 4:23-cv-10948
Assigned To : Kumar, Shalina D.
Referral Judge: Patti, Anthony P.
Assign. Date : 4/24/2023
Description: REM SIMMONS V.MACOMB COUNTRY PROSECUTOR'S OFFICE (NA)

## NOTICE OF PETITION; AND, VERIFIED PETITION FOR WARRANT OF REMOVAL

**NOW COMES**, Petitioner, LaTausha Simmons, Pro Se, and in direct support of her request for removal of the above-captioned state court case into the jurisdiction of this United States District Court, and on the federal questions involved, herein allege, state, and provide:

### JURISDICTION

**1.** This Court now has proper jurisdiction over this cause of action for removal, pursuant to, but not limited to, the following statutory authorities: **28 USC § 1443, 28 USC § 1455(b)(1), 28 USC § 1331, 28 USC § 1367 and § 203 of Civil Rights Act of 1964 (42 USC § 2000a-2) 42 U.S.C. § § 2000a-2000a-6.** Moreover, this Court is an Article III court with the express authority to hear and adjudicate any questions arising under the Constitution, Laws, Treaties of the United States, including but not limited to the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. See Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (hereinafter "Federal Constitution").

1

2.   Petitioner complains of various willful, systemic violations and interference with equal civil rights **18 USC § 245(b),** violations of equal rights, civil liberties, deprivations of fundamental Rights guaranteed by the Federal Constitution, and/or by federal law, and which deprivations are civil violations of **42 USC § 1983, and also criminal violations of 18 USC §§ 241, 242 and 245(b).**  Where Respondent attempts to re-prosecute Petitioner for the same offense in which Petitioner was acquitted of on appeal on December 26, 2018, Petition further complains of violations of the Fourth and Fourteenth Amendments' rights under the Due Process and Equal Protection Clauses as defined under these doctrines, which includes the immunity from double jeopardy guaranteed by the Fifth Amendment.  And the Fifth Amendment's rights under the Double Jeopardy Clause, as described under this doctrine, prohibition against double jeopardy (**see US Const, Am V and Const 1963, art 1§15**), which includes finality of a case upon acquittal, bars retrial and bars supplemental findings following a reversal because of insufficient evidence.

3.   Criminal prosecution in a state court involving the civil rights of any person may also be removed to a federal court under **28 USC § 1443,** and for **any act under color of authority** derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.  Warrant for removal is clearly and strongly supported by Supreme Court case law: ***Kolender v. Lawson (461 U.S. 352, 1983)*** in which the United States Supreme Court ruled that a police officer could not arrest a citizen merely for refusing to present identification.  There is no such thing as failure to identity, therefore, Petitioner's arrest, prosecution and attempt to re-prosecution for the same offense of resisting and obstructing an officer and not giving DNA was grounded on acts under color of authority and for refusing to do the acts of: (1) giving the male officer her name and (2) giving the male officer her identification on the grounds that it would be inconsistent with U.S. Supreme Court Law, justifies and warrants removal to federal court under **28 USC § 1443**.

4.   Criminal prosecution in a state court involving the civil rights of any person may also be removed to a federal court under **28 USC § 1443,** and for **any act under color of authority** derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.  Further, warrant for removal is clearly and strongly supported by Supreme Court case law: ***Miller v.***

*Kansas, 230 F 2ⁿᵈ 286, 489,* in which the United States Supreme Court ruled that the claim and exercise of

Constitutional Rights cannot be converted into a crime. Petitioner's exercise of a Constitutional Right to

peacefully remain silent and not speak to a police officer <u>cannot be</u> converted to a crime, therefore, Petitioner's

arrest, prosecution and attempt to re-prosecution for the same offense of resisting and obstructing an officer

and not giving DNA was grounded on acts under color of authority and for refusing to do the acts of: (1) speak

to a police officer, to remain silent under her guaranteed Fifth Amendment rights, while sitting in her vehicle

on private property of a store, where she just conducted business, on the grounds that it would be inconsistent

with U.S. Supreme Court Law, justifies and warrants removal to federal court under **28 USC § 1443.**

5. This petition for warrant of removal inures to the very essence of the enactment and clearly

expressed purpose of **28 USC § 1443(1)** by Congress, i.e.: to provide a remedy for removal to a United States

District Court when a state defendant "is denied or cannot enforce in the courts of such State a right under any

law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction

thereof" and/or when a state court defendant is either being injured or harmed, and/or about to be injured" and

"state statute authorizing denial affords ample basis for such prediction." *Georgia v. Rachel (1966) 384 US*

*780, 16 L Ed 2d 925, 86 S Ct 1783.* If the U.S. district court determines removal should be permitted, it must

notify the state court in which prosecution is pending, which may proceed no further. **28 USC § 1455(b)(5).**

6. The <u>Civil Rights Act of 1964</u>. Congress, using its power to regulate <u>interstate commerce</u>, enacted

the Civil Rights Act of 1964 under <u>Title 42, Chapter 21 of the United States Code.</u> Discrimination based on

"race, color, religion, or national origin" in public establishments that have a connection to interstate

commerce or are supported by the state is prohibited. See <u>42 U.S.C. § 2000a.</u> Public establishments include

places of public accommodation (e.g., hotels, motels, and trailer parks), grocery stores, restaurants, gas

stations, bars, taverns, and places of entertainment in general. This is the case here, Petitioner an "African

American", "single", "female" is a member of a protected class and is constitutionally protected within the

meaning of the Elliot-Larsen Civil Rights Act, MCLs Ann. Section 37.2201, et seq. (the "Act").

7. Under § 203 of Civil Rights Act of 1964 (42 USC § 2000a-2), providing that no person shall punish or attempt to punish anyone for exercising his civil right of access to public accommodation, defendants charged in state court with violations of state criminal trespass laws by remaining… notwithstanding requests to leave, are not only immune from conviction, but have right not to even be brought to trial. *Georgia v. Rachel (1966) 384 U.S. 780, 16 L. Ed. 2d 925, 86 S. Ct. 1783.* Petitioner was and continue to be punished or attempt to be punished for exercising her civil right of access to public accommodation, grocery store.

**8.** Alleged denials of equal civil rights in arresting and charging process set out in removal petitions were sufficient under notice type pleadings to allege basis for removal. *Jackson v. City of Vicksburg, Miss., C.A.5 (Miss.) 1966, 361 F.2d 473.*

9. Petitions for removal of criminal prosecutions to federal courts were sufficient to present issue whether defendants' acts of protest and resistance were under color of authority of equal rights laws, or whether their refusal to obey police commands was grounded on inconsistency with equal rights laws, so as to permit removal. *People of State of N.Y. v. Galamison, C.A.2 (N.Y.) 1965, 342 F.2d 255 , certiorari denied  85 S.Ct. 1342, 380 U.S. 977, 14 L.Ed.2d 272.*

10. In the instant removal case, under **§ 203 of Civil Rights Act of 1964 (42 USC § 2000a-2),** providing that no person shall punish or attempt to punish anyone for exercising his civil right of access to public accommodation, Petitioner charged in state court with violations of state misdemeanor resisting and obstructing an officer law and not giving DNA law by exiting a public accommodated establishment grocery store door…notwithstanding the door was one of several exits already open and the closest door to petitioner's vehicle.

after petitioner had purchased groceries in the public accommodated establishment, and paid for her groceries, received her receipt, handed her grocery bags by the bagger. Petitioner, an African American female, was harassed and racially profiled inside of a grocery store, "grocery shopping while black in the City of Warren, Michigan" by a white male police officer. Petitioner had purchased groceries and was leaving the sales floor of the store, headed for the exit. The police officer intentionally walked in front of Petitioner, made direct eye contact with her, then turned directly in front of her, with his back and rear-end facing her. And intentionally started to slow his pace of walk, significantly more and more to intentionally block Petitioner from exiting the sales floor and path to doors. Petitioner had to stop walking altogether, to prevent from walking directly into the back of the police officer, as he continued to block her from leaving the sales floor. The police officer used his physical body to prevent Petitioner from exiting the sales floor of the grocery store, without any justification and against her will, after she wish to

4

leave after conducting her business.  Petitioner had to wait until the police officer exited the store first, because he continued to drive off, the police officer walked in front of her vehicle and to prevent from running into him, she had to stop her vehicle.  The police officer asked her name and Petitioner invoked the peaceful right to exercise and invoke one's protected constitutional rights, in particular her Fifth Amendment rights.  The police officer then subjected Petitioner to further harassment, threats, coercion, intimidation and commenced a series of violations of Petitioner's constitutional rights, thereafter. Among other things, the police officer told Petitioner "she look suspicious", he will get her name off her license plate and walked behind Petitioner's vehicle, got her license plate number, went to his vehicle, input her license plate through the police LEIN Data System, to gather Petitioner's personal info.  Then seconds later, went running back towards Petitioner's car, calling her name three times.  As Petitioner sat still in her vehicle exercising her constitutional rights and remaining quiet.  Sullivan told Petitioner, "I will get your name, I will get it, when you get out on the road"..."I got until 8 'clock tonight to wait for you".... "you gonna have to leave this parking and I will get it then."  The police officer planned to cover up his unlawful approach of Petitioner in the grocery store parking lot and the running of Petitioner's license plate number into the police database, by staging a random traffic stop of Petitioner on the city street, once she left the parking lot.  Sullivan then moved his vehicle into a different area of the grocery store parking lot to wait on Petitioner to drive off.  Within 3 minutes or less, the police officer came back again after Petitioner, with his vehicle dash cam recording and vest audio recording and made it seem as if he is going by the book and then started demanding Petitioner to give him her driver's license. Petitioner continued to invoke her protected constitutional rights, in particular her Fifth Amendment rights.

The police officer, then accused Petitioner of having stolen something from the store, without any probable cause or reasonable suspicion.  His attempts failed as no one from the grocery store, ever accused Petitioner of any crime or theft.  The police officer concocted the story of Petitioner's vehicle being stolen, however withheld the exculpatory evidence of the exact time of when he actually entered Petitioner's license plate information into the LEIN Data System.  The police officer then dispatched and another police officer, and upon his arrival, both police officers conspired and decided to illegally arrest Petitioner and gave testimony that "we decide that we were going to arrest her for not cooperating."  The second police officer arrived and among other things, told Petitioner she did not have any constitutional rights "what constitutional rights....you don't have any constitutional rights..." while Petitioner sat in her vehicle, exercising her constitutional rights.  The third police officer arrived and told Petitioner she is being charged with felony resisting, and told the second police officer to break Petitioner's vehicle window out.

The second police officer, shattered Petitioner's passenger window, busted out the shattered glass, reached inside of the vehicle, unlocked all of the doors and opened the passenger door.  The first police officer and the third police officer opened the driver's door pulled Petitioner out of the vehicle, threw Petitioner to the ground, pushed Petitioner's face and head to the ground even harder, and placed all of their weight on Petitioner's neck and back and handcuffed her.  The police officers subjected Petitioner to unprovoked, unsubstantiated violence and excessive force on the private property of the grocery store in the parking lot.  And unlawfully arrested, unlawfully searched, seized, and unlawfully and illegally jailed her, without probable cause or reasonable suspicion.  For Petitioner's use of discretion to exercise her protected constitutional rights and remain silent.

5

In, *Vaquez* **631 N.W.2d 711 (2001),** the Michigan Supreme Court reinstated the dismissal of charges under resisting and obstructing, where the statute requires a threatened, either expressly or impliedly, physical interference and actual interference with a police officer.  Petitioner did not give the male officer her name nor speak to the police officer, an exercise of her Constitutional rights to remain silent derived from any law providing for equal rights, on the grounds that demands for identification or to speak was inconsistent with equal rights laws, no person shall punish or attempt to punish petitioner for exercising her civil right of access to public accommodation.

11.  Furthermore Petitioner while still on the public accommodated grocery store property which was a parking lot connected to other public accommodated establishments, Petitioner exercised her civil rights and her State and Federal Constitutional Amendments Right and remained silent, remained inside of her vehicle and refrained from communicating with a City of Warren, Michigan white male police officer, wherein no crime was afoot nor had been committed by Petitioner, and wherein no probable cause or reasonable suspicion existed.

12.  When Petitioner, in this instant case, did not give the officer her name, the white male officer restricted Petitioner's vehicle's movement, prevented Petitioner from her right to patronize other public accommodated establishments within the same shopping mall, coerced, threatened, and intimidated petitioner with arrest, jail, false charges, and physical violence.  And for Petitioner's refusal to do the acts of giving her name, giving her identification or refusal to speak on the ground that it would be inconsistent with Supreme Court Law, the officer then carried out his threats and intimidation which included dispatching two other officer, busting out Petitioner's passenger window, pulling Petitioner from the vehicle, throwing Petitioner down to the ground, handcuffing Petitioner, arresting Petitioner, searching and seizing Petitioner's vehicle, grocery bags, purse and person, and hauling Petitioner to jail under the charges as described above.  Petitioner is not only immune from conviction, but had a right not even to be brought to trial. *Georgia v. Rachel (1966) 384 U.S. 780, 16 L. Ed. 2d 925, 86 S. Ct. 1783.*  Furthermore, nearly 2 years later Petitioner was convicted of attempted opposing a police officer on May 1, 2018.

6

13. Petitioner was acquitted on appeal in the state circuit court where it reviewed all of the evidence of the record, deemed the evidence insufficient to support the conviction including the legality of the arrest, declared the Petitioner innocent and entered an order of acquittal, December 26, 2018. **(Appendix I, 12-26-18 Order)**. A finality of this case once the order of acquittal was entered on December 26, 2018, based on insufficient evidence to support a guilty verdict under Michigan law and the laws of the United States governing double jeopardy. **(Appendix K, 12-26-18** Excerpts from State Circuit Court Appeal Transcript, December 26, 2018**)**.

14. Prohibition against deprivation of interference with, and punishment for exercising rights and privileges secured by section 2000a or 2000a-1 of this title, Civil Rights Act of 1964 (Pub.L. 88-352, Title II **§§ 201 (a), 202, 203, 42 U.S.C. § 2000a, 2000a-1, 2000a-2) 42 U.S.C. § 2000a states:** Prohibition against discrimination or segregation in places of public accommodation **42 U.S.C. § 2000a-2 states:** No person shall **(a)** withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a-1 of this title, or **(b)** intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or **(c)** or punish any person for exercising any right or privilege secured by section 2000a or 2000a-1 of this title.

15. Petitioner's rights and privileges secured by section 2000a, 2000a-1 and 2000a-2 have been withheld, denied, deprived, or attempted to be withheld, denied or deprived by the state court proceedings, the police officer, prosecution and all others enjoined in with the withholding, denial and deprivation. And Petitioner is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" and for refusing to do any act on the grounds that it would be inconsistent with such law providing for equal rights.

16. The State court proceedings produce or perpetuate a racially discriminatory result, therefore removal is proper under the "refusal to act" clause of 28 U.S.C.1443. White v. Wellington. 627 F.2d 582 (2nd Cir. 1980).

17. The explicit terms of that section of the 1964 Act compelled the conclusion that "nonforcible attempts to gain admittance to <u>or remain in establishments covered by the Act, are immune from prosecution***.</u>  379 U.S., at 311, 85 S.Ct. at 389.  The 1964 Act therefore 'substitutes a right for a crime." 379 U.S., at 314, 85 S.Ct. at 390.  <u>Hence, if as alleged in the present removal petition, the defendants were asked to identify herself or she could not leave and would be going to jail solely for racial reasons, then the mere pendency of the prosecutions enables the federal court to make the clear prediction that the defendant will be 'denied or cannot enforce in the courts of (the) State' the right to be free of any 'attempt to punish' her for protected activity.</u>  It is no answer in these circumstances that the defendant has already prevailed in the state court.  The burden of having to defend the prosecutions and re-prosecutions is itself the denial of a right explicitly conferred by the Civil Rights Act of 1964 as construed in *Hamm v. City of Rock Hill.*

18.  The Civil Rights Act of 1964 endows **1791 the defendants with a right not to be prosecuted for such conduct.  As noted, s 201(a) guarantees to the defendants the equal access they sought.  Section 203 then provides that, 'No person shall * * * (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 201 or 202.' (Emphasis supplied.) 78 Stat. 244.  *In Hamm v. City of Rock Hill, 379 U.S. 306, 311, 85 S.Ct. 384, 13 L.Ed.2d 300*, the Court held that this section of the Act 'prohibits prosecution of any person for seeking service in a covered establishment, because of his race or color.'

19.  Jurisdiction; exhaustion of other remedies for enforcement of such rights (a) The district courts of the United States shall have jurisdiction of proceedings institute pursuant to this title 53. [42 U.S.C. **§ § 2000a-2000a-6]** and shall exercise the same without regard to whether the aggrieved party shall have exhausted any administrative or other remedies that may be provided by law.

20.  No state statute may be used to deny any citizen peaceful exercise of rights of equal accommodation guaranteed by this subchapter.  *Walker v. State of Ga. C.A 5 (Ga.) 1969, 417F.2d5. Civil Rights K 119.1.*  **TITLE IX: Intervention in Court Cases.** Permitted the United States to intervene in pending suits alleging a denial of equal protection of law under the Fourteenth Amendment to the United States Constitution on account of race, color, religion, or national origin.

21. Within the proceedings of the instant state court, Petitioner has duly advised the state court judge, and all other parties – multiple times in official writing each – that certain actions and judicial events are now existing, have been done, and are now further threatened, against the Petitioner, in clear, unambiguous violations of equal rights, civil rights, basic due process, the Federal Constitution, state statutory law, federal statutory law, the relevant rulings by the high state courts, and/or against the relevant rulings held unanimously by all of the several federal Circuit Courts of Appeals.

22. In the ***Peacock cases, 384 U.S. 842, 86 S.Ct. 1820, 16 L.Ed.2d 965,*** equal civil rights of a citizen of the United States are 'denied' within the meaning of **28** U.S.C. s **1443**(1) (1964 ed.) when he is prosecuted for asserting them. Section 201 of the Civil Rights Act of 1964 (78 Stat. 243, 42 U.S.C. s 2000a (1964 ed.)) gave these defendants a right to equal service in places of public accommodation. Section 203 (78 Stat. 244, 42 U.S.C. s 2000a—2, 1964 ed.) gave them a right against intimidation, coercion, or punishment for exercising those rights. And we held in Hamm v. City of Rock Hill, 379 U.S. 306, 85 S.Ct. 384, 13 L.Ed.2d 300, that ss 201 and 203 precluded state criminal trespass convictions of sit-in demonstrators even though the sit-ins occurred **\*807** and their prosecution had been instituted prior to the effective date of the 1964 Act.

## TIMELINESS OF, AND GROUNDS FOR REMOVAL

**23.** The relevant portion of **28 USC § 1455(b)(1)** that provides for the timely petition for removal is restated here:

"A notice of removal of a criminal prosecution **shall be filed at any time before trial,** for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time."

23. Timeliness of removal is shown by the attached APPENDICES, specifically see the December 26, 2018, Order of Acquittal and Dismissal **APPENDIX I,** and the June 5, 2019, ORDER Reversing Conviction but, remanding the case for re-trial. **APPENDIX J;** July 1, 2021 - Decision of State Court of Appeals on Reconsideration Affirming Acquittal on the grounds of double jeopardy laws. **APPENDIX C** April 29, 2021 Decision of State Court of Appeals Affirming Acquittal on the grounds of double jeopardy laws. **APPENDIX D;** September 23, 2020 Order of State Supreme Court directing prosecuting attorney answer the application for leave to appeal the July 30, 2019, order of the Court of Appeals; in lieu of granting application

for leave to appeal Remanded case to Michigan Court of Appeals; granting stay of proceedings in state trial court. **APPENDIX E;** March 3, 2020 Order of State Supreme Court directing Macomb County Prosecuting Attorney to answer application for leave to appeal; address whether the prohibition against double jeopardy applies in this case to protect defendant against a second prosecution for the same offense after the circuit court initially declared the defendant innocent and entered an order of acquittal. **APPENDIX F;** April 1, 2022 - Decision of State Supreme Court Reversing Michigan Court of Appeals Decisions and Orders. **APPENDIX A; and** June 28, 2022 - Order of State Supreme Court Denying Reconsideration. **APPENDIX B**

24. Self-explanatory grounds for removal include: **(1)** Denial of Section 203 (78 Stat. 244, 42 U.S.C. s 2000a—2, 1964 ed.) which gave Petitioner the right against intimidation, coercion, or punishment for exercising those rights of equal services in places of public accommodation, i.e Dave's Marketplace, nearby businesses and the parking lot of those public accommodated businesses; **(2)** prohibiting defendant-petitioner from presenting dispositive evidence operates as a command to ignore the protection under federal law for equal civil rights and ignores that the discrimination is occurring; **(3)** prohibiting defendant from fair and equal access to the court operates as a command to ignore the protection under federal law for equal civil rights and ignores that the discrimination is occurring; **(4) denial of legal representation without discrimination and the full and equal enjoyment of the services, privileges and advantages of legal representation (6) denial of the right to be free from prohibited threats, coercion and intimidation; (7)** denial of the civil right to a full and fair trial to give evidence to full and equal benefit of all laws; **(8)** petitioner is denied effective legal representation; **(9)** majority all white juries that do not represent the defendant-petitioner; **(10)** denial of exculpatory evidence directly from the officer's LIEN computerized system; **(11) denial of right to present evidence including but not limited to any and all exculpatory evidence; and (12) denial of due process, substantive due process and equal protection rights under the U.S. Constitution and Michigan Laws.** There Exists A Sufficient Basis For Prediction That Defendant-Petitioner Would Be Denied Or Cannot Enforce Federal Civil Rights.

## COMPLETE RECORD OF STATE PROCEEDINGS

25. The sheer volume of pleadings in the instant state court matter may well approximate in the range of over four hundred (400) pages of various documents including transcripts; This is due to the constant equal rights and civil rights violations that have been continually committed within that same ongoing matter.

26. Pursuant to the vested authority under **28 USC § 1447(b)**, this Court *"may require the removing party to file with its clerk copies of all records and proceedings in such State court or may cause the same to be brought before it by writ of certiorari issued to such State court."*

27. Reproduction of the entire record within this Court should not be necessary, but if it is deemed so necessary, Petitioner requests this Court cause the same by writ of certiorari, or, alternately, direct the Petitioner to provide what portions it deems most necessary therein.

## INCORPORATION OF PRIOR PLEADING IN STATE COURT

28. Petitioner hereby incorporate by reference all pleadings, papers, and effects heretofore filed or otherwise lodged within the state proceedings the same as if fully set forth herein.

## SUGGESTED PRELIMINARY PROCEDURES IN THIS CAUSE

29. Petitioner suggests that, before this Court might consider any matter herein further, that this Court utilize its inherent authority, as well as the statutory authority vested under **28 USC § 1447(a),** to issue one or more appropriate Order(s), directing that any one or more of the parties to the instant state court matter each show cause as to *why* this Court *should* or *should not* either: (1) retain the removal permanently, and further decide any and all other matters to the ends of justice therefore; and/or (2) issue any and all appropriate declaratory and/or injunctive relief.

## PROHIBITED REMOVALS OF STATE COURT CASES

30. Petitioners note for the Court's convenience that **28 USC § 1443(1)** provides the removal of any and all types of state court cases for violations of equal rights, with sole exceptions being only the following four (4) types of circumstances, pursuant to **28 USC § 1445:**

    a) a civil action against a railroad or its receivers or trustees that arises under certain laws;
    b) a civil action against a carrier or its receivers or trustees that arises under certain laws;
    c) a civil action arising under the workmen's compensation laws; and,
    d) a civil action arising under section 40302 of the Violence Against Women Act of 1994.

31.  Therefore, equal rights and civil rights violations against the Petitioners committed within the instant state court matter are perfectly proper grounds for removal to the Unites States District Courts.

## OVERVIEW OF ONGOING EQUAL RIGHTS AND CIVIL RIGHTS VIOLATIONS

32.  Whether acting individually, or in either over or covert concert, the Respondents, counsel for the Respondent, the police officers, the judge of the state court proceedings, the state prosecutor, the state court administrator, the local state assistant prosecutors, and along with other incidental individuals, have continually and consistently victimized the Petitioner by committing numerous violations against her equal rights and civil rights by intentional, knowing, and willful obstructions and deprivations of the same rights, throughout the entire course of the state proceedings since its original inception in May 24, 2016.
Such transgressions against peace, dignity, and the law have included: conspiracy and agreement to injure, oppress, threaten, or intimidate Petitioner-defendant.  The conspiracy and agreement to injure, oppress, threaten, or intimidate Petitioner-defendant.  including but not limited to threats, coercion and intimidation by court appointed counsel for defendant who has stated: "to plea to any charges to end the case, "just plea to anything to end this case"; "you are going to be convicted a second time because you didn't tell the officer your name and you didn't give him your ID"; "you are to do whatever the officer tells you to do"; "if you want the witnesses from the grocery store, you go to the grocery store and get the names of the witnesses, I don't know their names or how to get their names"; "we are not adjourning the trial" the refusal of court appointed counsel to place on the record required evidence needed in the case; abusing the power of a court of law to inflict false orders and charges against persons; conspiring with the Respondent to assist and commit forgery within certain pleadings filed in state proceedings; knowing refusals to recuse and withdraw in the face of obvious conflicts-of-interest; numerous willful violations of fundamental equal rights, threatening and intimidating the Petitioner to give up her rights to a trial by jury and proceed with a bench trial by a bias, prejudice, impartial judge and an entire plethora of violations so long in listing that it is utterly abominable to consider the thought.  Most recently, in November 2021, Respondent in collaboration with the state court judge intentionally had a bench warrant issued for Petitioner's arrest, under the ruse of a failure to appear in the state court, without Petitioner's knowledge of any court dates to appear in the state court, in violation of Petitioner's due process rights and the Double Jeopardy Clause of the United States Constitution.

## SUMMARY OF PRAYER

33. Petitioner reiterate that her request for removal to this Court is *not* just about a supported and reasonable *expectation* of some future manifest deprivations of her various equal, civil, and constitutional rights within the same said state court, but also that such a deliberately unlawful pattern of the same is **well** established, threatened yet again, and must be stopped.  This Court assumes complete jurisdiction of the matter, with power to either proceed with trial or to dismiss the case.

34. Without the immediate intervention, and the exercise of full jurisdiction and authority by this Honorable Court in retaining said lower state proceedings, at the very least with which to issue such appropriate relief as to equal civil rights and due process, that the Petitioner will be otherwise subjected to manifestly egregious denial and inability to enforce in said state court one or more rights under the laws providing for the equal rights of citizens of the United States, and will likewise unlawfully be forced to suffer manifestly **irreparable** harm and injuries therein, without any further reasonable remedy at law.

**WHEREFORE,** the undersigned Petitioner, LaTausha Simmons, now prays for retaining this removal of the instant state court matter under the jurisdiction of this United States District Court, also at a minimum for appropriate relief, and/or to further decide supplementary matters, and for all other relief just and proper in the premises, including the right to reserve all grounds warranting removal and to amend this notice.

Dated:  April 20, 2023

Respectfully submitted,

LaTausha Simmons
20500 Dean St
Detroit, MI 48234

I declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that the above and foregoing representations are true and correct to the best of our knowledge, information, and belief.

Executed at Detroit, Michigan, this 20th day of April 2023.

 */s/LaTausha Simmons*
LaTausha Simmons

**CERTIFICATE OF SERVICE**

I hereby certify that, on this on this 20th day, of April 2023, a true copy of the foregoing notice and petition for removal, by depositing the same in the United Sates mail, first class postage prepaid, has been duly served upon all parties of record in the lower state proceedings.

*/s/LaTausha Simmons*
LaTausha Simmons

**INDEX TO APPENDICES**

**APPENDIX A**   April 1, 2022 - Decision of State Supreme Court Reversing Michigan Court of Appeals Decisions and Orders.

**APPENDIX B**   June 28, 2022 - Order of State Supreme Court Denying Reconsideration.

**APPENDIX C**   July 1, 2021 - Decision of State Court of Appeals on Reconsideration Affirming Acquittal on the grounds of double jeopardy laws.

**APPENDIX D**   April 29, 2021 - Decision of State Court of Appeals Affirming Acquittal on the grounds of double jeopardy laws.

**APPENDIX E**   September 23, 2020 -  Order of State Supreme Court directing prosecuting attorney answer the application for leave to appeal the July 30, 2019 order of the Court of Appeals; in lieu of granting application for leave to appeal Remanded case to Michigan Court of Appeals; granting stay of proceedings in state trial court.

**APPENDIX F**   March 3, 2020 - Order of State Supreme Court directing Macomb County Prosecuting Attorney to answer application for leave to appeal; address whether the prohibition against double jeopardy applies in this case to protect defendant against a second prosecution for the same offense after the circuit court initially declared the defendant innocent and entered an order of acquittal.

**APPENDIX G**   July 30, 2019 - Order of Michigan Court of Appeals Denying Leave to Appeal.

**APPENDIX H**   September 17, 2019 - Order of Michigan Court of Appeals Denying Reconsideration.

**APPENDIX I**   December 26, 2018 - Order of Acquittal in State Circuit Court Entering Order of Acquittal on grounds of insufficient evidence and declaring defendant innocent.

**APPENDIX J**   June 5, 2019 - Order of State Circuit Court on late motion for reconsideration by prosecuting attorney, reversing its December 26, 2018 Order of Acquittal on grounds of insufficient evidence, and remanding for a new trial.

**APPENDIX K**   Excerpts from State Circuit Court Appeal Transcript (December 26, 2018)

# Order

APPENDIX A

**Michigan Supreme Court**
**Lansing, Michigan**

April 1, 2022

Bridget M. McCormack,
Chief Justice

163469

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellant,

v

SC: 163469
COA: 349547
Macomb CC: 2018-000127-AR

LATAUSHA SIMMONS,
Defendant-Appellee.
_____/

On order of the Court, the application for leave to appeal the July 1, 2021 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that double jeopardy would bar a retrial of the defendant in the 37th District Court because the Macomb Circuit Court entered an order of acquittal. Because the circuit court was acting in an appellate capacity, its order of acquittal was not final—it was subject to appellate review or reconsideration. See *People v Oros*, 502 Mich 229, 234 (2018). The circuit court therefore properly exercised its authority under MCR 7.114(D) and MCR 2.119(F) when it reconsidered and reversed its own order of acquittal, thus eliminating any double jeopardy concerns related to its prior determination of the defendant's innocence.

The circuit court's June 5, 2019 opinion and order appears to acknowledge that the prosecution had failed to put forward sufficient evidence that the defendant's arrest was lawful, but because it attributed that failure to the district court's error in preventing the parties from presenting facts about that issue to the jury, it remanded for a new trial. But it was the prosecution that asked the court to bar the defendant from arguing to the jury that the arrest was unlawful and objected to jury instructions that would have informed the jury about the lawful arrest element; the circuit court's order did not account for the prosecution's role in this evidentiary error. We REMAND this case to the Court of Appeals to consider whether the circuit court found that the prosecution had failed to put forward sufficient evidence that the defendant's arrest was lawful and, if so, whether double jeopardy bars the defendant's retrial where an appellate court has determined that there was insufficient evidence to convict, but the insufficiency resulted from the district

court's erroneous order granting a prosecution request.

We do not retain jurisdiction.

VIVIANO, J. (*concurring in part, dissenting in part*).

I concur with the first paragraph of the Court's order, which reverses that part of the Court of Appeals' judgment holding that double jeopardy would bar a retrial of the defendant. But I dissent as to the second paragraph remanding this case to that court for consideration of a new issue that has not been presented by either party. I would instead reinstate the Macomb Circuit Court's June 5, 2019 order remanding the case to the district court for a new trial.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 1, 2022



Clerk

# Order

June 28, 2022

163469 (140)

**APPENDIX B**

**Michigan Supreme Court**
Lansing, Michigan

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
    Plaintiff-Appellant,

v

                                     SC: 163469
                                     COA: 349547
                                     Macomb CC: 2018-000127-AR

LATAUSHA SIMMONS,
            Defendant-Appellee.
_____/

      On order of the Court, the motion for reconsideration of this Court's April 1, 2022 order is considered, and it is DENIED, because we are not persuaded that reconsideration of our previous order is warranted.  MCR 7.311(G).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 28, 2022



APPENDIX C

Court of Appeals, State of Michigan

ORDER

People of MI v Latausha Simmons

Docket No.   349547

LC No.   2018-000127-AR

Jane M. Beckering
Presiding Judge

Karen M. Fort Hood

Michael J. Riordan
Judges

The motion for reconsideration is GRANTED. Upon further review, this Court's opinion issued April 29, 2021 is VACATED. A new authored majority and dissent are attached to this order.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 1, 2021

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

LATAUSHA SIMMONS,

          Defendant-Appellant.

FOR PUBLICATION
July 1, 2021
9:10 a.m.

No. 349547
Macomb Circuit Court
LC No. 2018-000127-AR

## ON RECONSIDERATION

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

RIORDAN, J.

    Defendant appeals, as on leave granted from our Supreme Court,[1] the circuit court's order reversing her conviction of resisting or obstructing a police officer, MCL 750.81d(1), and remanding to the district court for a new trial. Defendant argues that the circuit court had jurisdiction to enter its earlier order and judgment of acquittal, and further, that entry of the order precludes retrial under the Double Jeopardy Clause of the United States Constitution, US Const, Am V.[2] We agree in both respects. Accordingly, we reverse the circuit court's order and remand to that court for further proceedings consistent with this opinion.[3]

## I. FACTS AND PROCEDURAL HISTORY

---

[1] *People v Simmons*, 506 Mich 912 (2020).

[2] As applied to the States through the Fourteenth Amendment of the United States Constitution, US Const, Am XIV, see *Benton v Maryland*, 395 US 784, 787; 89 S Ct 2056; 23 L Ed 2d 707 (1969). See also Const 1963, art 1, § 15.

[3] Our opinion on reconsideration is substantively identical to our original opinion, but for the addition of this footnote and footnote 11.

(1) the circuit court erred in concluding that the prosecution was not properly served with her claim of appeal, (2) the circuit court had jurisdiction to enter an order of acquittal, (3) the circuit court did not have jurisdiction to grant the prosecution's untimely motion for reconsideration, and (4) the circuit court erred in remanding the case for a new trial because double jeopardy barred retrial. I agree that the circuit court had jurisdiction to enter the order of acquittal, but I disagree with defendant's other arguments.

Warren Police Officer Sean Sullivan testified at trial that on May 24, 2016, he observed defendant exit a supermarket through a garage-like door that he believed was an employee-only entrance. Defendant looked at Officer Sullivan and walked toward a nearby alley. She entered a car, drove a few feet down the alley, then exited the car and peeked around the corner of a shipping container or dumpster at Officer Sullivan. Finding her conduct suspicious, Officer Sullivan drove toward defendant to investigate what she was doing.

As Officer Sullivan drove toward defendant, she got back into the car. Officer Sullivan parked in front of her, but he did not block the entire alleyway. He approached defendant and spoke to her through the driver's side window, asking her for identification and why she was parked in the alley. Defendant did not respond, and instead, she asked Officer Sullivan why he was harassing her. Officer Sullivan returned to his car to investigate his suspicion that her car may be stolen based on a crack he observed in the steering column. He determined that the car was registered to a Latausha Simmons, and that she did not have any arrest warrants. Officer Sullivan returned to defendant's car, asked if she was Latausha Simmons, and advised her that she could be on her way if she showed him her identification. Defendant did not respond or produce her identification. Officer Sullivan requested backup, and Officers Robert Horlocker and Timothy Sciullo arrived to assist. Officer Horlocker and Officer Sciullo each asked defendant for her identification, and she did not respond. After explaining to her that she would be arrested for resisting or obstructing their investigation and receiving no response, Officer Horlocker broke defendant's passenger side window and defendant was arrested and charged with resisting and obstructing a police officer.

Prior to trial, defendant filed a motion to dismiss and for an evidentiary hearing concerning the lawfulness of the officers' conduct. Specifically, defendant argued that the charge had to be dismissed because Officer Sullivan unlawfully stopped her and, as a result, her arrest was illegal. The district court concluded that it was reasonable for Officer Sullivan to stop defendant because her actions were suspicious and not "normal behavior."

On the first day of trial, before the jury was empaneled, the parties discussed the introduction of evidence regarding the lawfulness of the officers' conduct and whether the jury was to be instructed that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The district court ruled that it previously had determined that the

---

reconsideration, as this Court issued an initial opinion, but granted the prosecution's motion for reconsideration, resulting in our vacation of the earlier opinion by way of order. While my colleagues have chosen to remain with their earlier analysis, I am persuaded by the arguments set forth in the prosecution's motion for reconsideration and the amicus curiae brief in support filed by the Prosecuting Attorneys Association of Michigan.

The circuit court accordingly entered an order and judgment of acquittal, which stated as follows:

> For the reasons stated on the record, Defendant's motion is GRANTED, Defendant's conviction is reversed, and all arrest records and fingerprint cards shall be returned to Defendant forthwith. This order is a final order resolving all claims and closing the case.

Thirteen days later, the prosecution moved for reconsideration, asserting that it never was served with defendant's claim of appeal or any of the documents filed thereafter, and that the proper remedy for the district court's error was to remand to that court for a new trial, not to enter an order of acquittal.[4] After reviewing the record, the circuit court concluded that the prosecution was not served with defendant's claim of appeal or any of the documents filed thereafter and set aside the order of acquittal. Ultimately, the circuit court reversed itself by concluding that the district court erroneously removed the element of whether the officers acted lawfully from the province of the jury, and it remanded the matter to the district court so that defendant could be re-tried on the charge of resisting or obstructing a police officer.

Defendant filed an application for leave to appeal in this Court, which was denied for lack of merit on the grounds presented. *People v Simmons*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 349547). Defendant then filed an application for leave to appeal in our Supreme Court. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted. *Simmons*, 506 Mich 912. We now address the merits of her appeal.

## II. JURISDICTION

Defendant first argues that the circuit court erred by finding that she did not properly serve her claim of appeal on the prosecution, and alternatively, even if the circuit court did not err by so finding, that the circuit court nonetheless possessed jurisdiction to enter the order of acquittal. We need not address the former argument because we conclude that the circuit court possessed jurisdiction over her appeal in either event. This Court reviews jurisdictional questions de novo. *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015).

"To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the circuit court within the time for taking an appeal: (1) the claim of appeal, and (2) the circuit court's appeal fees, unless the appellant is indigent." MCR 7.104(B). "An appeal of right to the circuit court must be taken within . . . . 21 days or the time allowed by statute after entry of the judgment, order, or decision appealed[.]" MCR 7.104(A)(1). "The time limit for an appeal of right is jurisdictional." MCR 7.104(A).

---

[4] The prosecution conceded in both the circuit court and this Court that the district court erred by precluding the introduction of evidence on the lawfulness of the officers' conduct and by refusing to instruct the jury concerning that element of the charged offense. See *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012) (concluding that whether the officer acted lawfully is an element of the crime of resisting or obstructing a police officer).

On June 26, 2018, defendant timely filed a claim of appeal with the clerk of the circuit court. In addition, defendant filed a request for a fee waiver with her claim of appeal. On July 9, 2018, the circuit court waived her fees because of her indigency. Therefore, under MCR 7.104(A)(1) and (B), jurisdiction was vested in the circuit court because defendant timely filed her claim of appeal and her fees were waived. This is true regardless of whether defendant properly served the prosecution with her claim of appeal because the service-of-process provisions contained in the court rules "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant." MCR 2.105(J)(1).[5] Thus, even if defendant did not properly serve her claim of appeal on the prosecution, it did not divest the circuit court of jurisdiction to enter its judgment of acquittal.[6] See MCL 600.611 ("Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments.").

### III. DOUBLE JEOPARDY

Defendant next argues that retrial would violate the Constitutional prohibition against double jeopardy. We agree. "A double jeopardy challenge involves a question of law that this Court reviews de novo." *People v Dillard*, 246 Mich App 163, 165; 631 NW2d 755 (2001). Likewise, "[t]his Court reviews de novo claims of instructional error." *People v Dupree*, 284 Mich App 89, 97; 771 NW2d 470 (2009).

"The United States and the Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense." *People v Parker*, 230 Mich App 337, 342; 584 NW2d 336 (1998), citing US Const, Am V; Const 1963, art 1, § 15. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

With regard to the first protection, "the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v United States*, 468 US 317, 325; 104 S Ct 3081; 82 L Ed 2d 242 (1984). Thus, "a verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution

---

[5] At most, the alleged failure to properly serve the claim of appeal would perhaps result in a lack of personal jurisdiction over the prosecution. See *In re Koss Estate*, 340 Mich 185, 190; 65 NW2d 316 (1954) ("[S]ervice of the notice of claim of appeal is the means whereby the circuit court attains jurisdiction over the parties to the appeal (although filing claim of appeal vests jurisdiction of the subject matter in the circuit court)[.]"). But see *Mich Emp Sec Comm'n v Wayne State Univ*, 66 Mich App 26, 30-31; 238 NW2d 191 (1975) (limiting *In re Koss Estate* to the court rule in effect when that case was decided). Regardless, the prosecution does not raise any personal-jurisdiction argument.

[6] We note that the prosecution concedes this point as well.

for the same offense." *Ball v United States*, 163 US 662, 671; 16 S Ct 1192; 41 L Ed 300 (1896). Similarly, "the Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.' " *Evans v Michigan*, 568 US 313, 318; 133 S Ct 1069; 185 L Ed 2d 124 (2013), quoting *Fong Foo v United States*, 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962). "[A]n acquittal precludes retrial even if it is premised upon an erroneous decision to exclude evidence, a mistaken understanding of what evidence would suffice to sustain a conviction, or a 'misconstruction of the statute' defining the requirements to convict." *Evans*, 568 US at 318 (citations omitted).[7] Consequently, "an acquittal is final even if it is based on an erroneous *evidentiary* ruling that precluded the prosecution from introducing evidence that would have been sufficient to convict the defendant." *People v Szalma*, 487 Mich 708, 717-718; 790 NW2d 662 (2010) (emphasis in original). See also *Webster v Duckworth*, 767 F2d 1206, 1214 (CA 7, 1985) ("The absence of competent substantive evidence to support a verdict of guilty beyond a reasonable doubt, whether the result of prosecutorial inability, judicial error or a recalcitrant witness, requires an acquittal either at trial or on appeal.").

The United States Supreme Court has "defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans*, 568 US at 318. "Thus, an acquittal includes a ruling by the court that the evidence is insufficient to convict, a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, and any other ruling which relates to the ultimate question of guilt or innocence." *Id.* at 319 (cleaned up). On the other hand, "a defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual guilt or innocence, has not been determined to be innocent in any sense of that word, absolute or otherwise." *United States v Scott*, 437 US 82, 98 n 11; 98 S Ct 2187; 57 L Ed 2d 65 (1978). In these scenarios, the Double Jeopardy Clause generally does not bar retrial following such "procedural dismissals." See *Evans*, 568 US at 319.

"Whether a judgment of a lower court is an acquittal for purposes of double jeopardy 'is not to be controlled by the form of the judge's action.' " *Szalma*, 487 Mich at 721, quoting *United States v Martin Linen Supply Co*, 430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977). "Rather, an appellate court 'must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *Szalma*, 487 Mich at 721, quoting *Martin Linen*, 430 US at 571. That is, "[t]here is an acquittal and retrial is impermissible when the judge 'evaluated the government's evidence and determined

---

[7] The United States Supreme Court has "made a single exception to the principle that acquittal by judge precludes reexamination of guilt no less than acquittal by jury: When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." *Smith v Massachusetts*, 543 US 462, 467; 125 S Ct 1129; 160 L Ed 2d 914 (2005). See also *People v Jones*, 203 Mich App 74, 79 n 1; 512 NW2d 26 (1993) ("Although retrial following acquittal is barred under the Double Jeopardy Clause, the government may appeal if reinstatement of the jury's verdict of conviction, rather than retrial, is sought.").

*that it was legally insufficient to sustain a conviction.' "* *People v Anderson*, 409 Mich 474, 486; 295 NW2d 482 (1980), quoting *Martin Linen*, 430 US at 572.

Two cases illustrate the opposite ends of the spectrum of the Double Jeopardy issue before us. In *Sanabria v United States*, 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978), the petitioner was charged in federal district court with violating 18 USC 1955, a statute that prohibits operating an "illegal gambling business" in violation of state law. *Id.* at 56. The federal district court originally allowed the Government to introduce evidence of both "numbers betting" and "horse betting," but subsequently struck all evidence of numbers betting near the end of trial "because it believed such action to be required by the indictment's failure to set forth the proper section." *Id.* at 58-59. The federal district court then entered a judgment of acquittal in favor of the petitioner on the basis that the Government failed to introduce sufficient proof that the petitioner was connected to the "horse-betting activities." *Id.* at 59. Thereafter, the Government sought to retry the petitioner for numbers betting alone. *Id.* at 60-61. The United States Supreme Court ruled that the Double Jeopardy Clause barred retrial notwithstanding the federal district court's presumably erroneous interpretation of the indictment and accompanying decision to exclude evidence:

> We must assume that the trial court's interpretation of the indictment was erroneous. But not every erroneous interpretation of an indictment for purposes of deciding what evidence is admissible can be regarded as a "dismissal." Here the District Court did not find that the count failed to charge a necessary element of the offense; rather, it found the indictment's description of the offense too narrow to warrant the admission of certain evidence. To this extent, we believe the ruling below is properly to be characterized as an erroneous evidentiary ruling, which led to an acquittal for insufficient evidence. That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error. [*Id.* at 68-69 (citations omitted).]

In *United States v Houston*, 792 F3d 663 (CA 6, 2015), the defendant was charged in federal district court with violating 18 USC 875(c), a statute prohibiting the transmittal of a threat in interstate commerce. *Id.* at 665. The federal district court instructed the jury that " '[a] statement is a true threat if it was made under such circumstances that a reasonable person hearing the statement would understand it as a serious expression of intent to inflict injury.' " *Id.* at 666. The United States Court of Appeals for the Sixth Circuit reversed the defendant's conviction and remanded the matter to the federal district court for a new trial, explaining that the instruction was erroneous because "[i]t permitted the jury to return a criminal conviction based on a negligent state of mind[.]" *Id.* at 667. The Court then addressed his sufficiency-of-the-evidence challenge, stating as follows:

> Before addressing this argument, a brief digression is in order. Do we measure the sufficiency of the evidence to convict Houston under the wrong instruction (what was given) or the right one (what would otherwise be given on remand)? Oddly enough, it is the wrong instruction, at least when the instructions omit or inaccurately describe an element of the offense and the defendant fails to object—as here. Otherwise, we would be forced to measure the evidence introduced by the government against a standard it did not know it had to satisfy and potentially prevent it from ever introducing evidence on that element. Nor does

this approach create Double Jeopardy problems. Consider this case: If we think about the sufficiency of the evidence with respect to correct jury instructions, the *government would not be seeking a second bite at the apple but a first bite under the right legal test. . . .* Other appellate courts have reached the same conclusion. [*Id.* at 669-670 (emphasis in original).]

In this case, the order of acquittal provided that it was granted "[f]or the reasons stated on the record." And the circuit court stated on the record that "even if the instructions had been correct, I see no way that [defendant] could have been or should have been convicted on this evidence." This was an unequivocal determination that the evidence was insufficient to establish all of the elements of resisting or obstructing a police officer beyond a reasonable doubt and therefore the circuit court's action constituted an acquittal. See *Anderson*, 409 Mich at 486, quoting *Martin Linen*, 430 US at 572 (explaining that an acquittal occurs "when the judge 'evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction' "). Further, the circuit court also stated that defendant was "an innocent person." Such an express finding of innocence also constitutes an acquittal. See *Evans*, 568 US at 319. Simply put, the circuit court's statements on the record may only be reasonably understood to be an acquittal for the purposes of the Double Jeopardy Clause.[8]

Having concluded that the order of acquittal was an "acquittal" for the purposes of the Double Jeopardy Clause, retrial is barred. See *Fong Foo*, 369 US at 143; *Szalma*, 487 Mich at 717-718. The order of acquittal "precludes reexamination of guilt" in all cases except "a prosecution appeal to reinstate the . . . verdict of guilty." *Smith*, 543 US at 467. Here, however, the prosecution does not seek to reinstate the jury's guilty verdict because it has acknowledged, as it must under the factual and procedural history here, that the underlying instructional error would require a new trial, not the reinstatement of a guilty verdict. Thus, the Fifth Amendment's Double Jeopardy Clause applies here and bars defendant's retrial as the prosecution seeks to do.[9]

Lastly, we acknowledge that the circuit court, on reconsideration, set aside its order of acquittal and instead remanded to the district court for a new trial on the basis that the error in the

---

[8] By analogy, MCR 6.419(A) provides that during a jury trial, at the close of the prosecution's case-in-chief or the close of evidence, "the court on the defendant's motion must direct a verdict of acquittal on any charged offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." The finding of evidentiary insufficiency in this case is akin to such a finding in a directed verdict of acquittal.

[9] We do not find the prosecution's citation to *People v Reed*, unpublished per curiam opinion of the Court of Appeals, issued November 21, 2013 (Docket No. 311067), persuasive. Notwithstanding that it is unpublished and therefore not precedentially binding, see MCR 7.215(C)(1), there is nothing in *Reed* to suggest that the jury had already been selected and sworn when the trial court dismissed the case "[o]n the day of defendant's trial." "Jeopardy attaches when a jury is selected and sworn . . . ." *People v Grace*, 258 Mich App 274, 279; 671 NW2d 554 (2003).

original trial was merely instructional.[10]   Such reasoning is not without force.   As *Houston* explains, when a trial court fails to instruct a jury on a particular element of the crime, a sufficiency-of-the-evidence challenge should be reviewed on the basis of the wrong instructions. See *Houston*, 792 F3d at 669-670.   And although the question is not before us today, we acknowledge that it is at least arguable that there was sufficient evidence to sustain defendant's conviction under the wrong instructions given to the jury.   Nonetheless, the key factor which distinguishes the matter here from cases such as *Houston*, and brings it within the realm of cases such as *Sanabria*, is that the circuit court entered a judgment and order of acquittal.[11]   While the same circuit court later tried to reverse course, we conclude that its ruling on reconsideration cannot supersede its earlier order of acquittal for the purposes of the Double Jeopardy Clause because that earlier order, as evidenced by its unequivocal language, was not tentative in any respect. See *United States v Blount*, 34 F3d 865, 868 (CA 9, 1994) (holding that the federal district

---

[10] Defendant argues that the circuit court did not possess jurisdiction to grant the prosecution's motion for reconsideration because the motion was filed more than 21 days after the order of acquittal was entered. See MCR 2.119(F)(1).   The record, however, indicates that the motion was filed on January 10, 2019, only 13 days after the order of acquittal was entered.

[11] We agree with the dissent that the circuit court's order of acquittal was not "final" in the sense that it was subject to being set aside on reconsideration or on appeal to a higher court.   However, we conclude that it was only subject to being set aside to the extent that doing so would not result in a second trial.   That is, the prosecution was permitted to challenge the order of acquittal below and in this Court, and it may do so by seeking leave to appeal in our Supreme Court, but only to the extent that a successful challenge would reinstate the guilty verdict.   This conclusion, in our view, is consistent with the decisions of the United States Supreme Court on the matter. See, e.g., *Burks v United States*, 437 US 1, 18; 98 S Ct 2141; 57 L Ed 2d 1 (1978) ("[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ."); *Tibbs v Florida*, 457 US 31, 41; 102 S Ct 2211; 72 L Ed 2d 652 (1982) ("A verdict of not guilty, whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial.   A reversal based on the insufficiency of the evidence has the same effect because it means that no rational factfinder could have voted to convict the defendant.") (footnote omitted); *Lockhart v Nelson*, 488 US 33, 39; 109 S Ct 285; 102 L Ed 2d 265 (1988) ("Because the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to do the same for the defendant who obtains an appellate determination that the trial court *should* have entered a judgment of acquittal.") (emphasis in original); *Monge v California*, 524 US 721, 729; 118 S Ct 2246; 141 L Ed 2d 615 (1998) ("We have held that where an appeals court overturns a conviction on the ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial."); *Bravo-Fernandez v United States*, ___ US ___, ___; 137 S Ct 352, 364; 196 L Ed 2d 242 (2016) ("Bravo and Martínez could not be retried on the bribery counts, of course, if the Court of Appeals had vacated their § 666 convictions because there was insufficient evidence to support those convictions.   For double jeopardy purposes, a court's evaluation of the evidence as insufficient to convict is equivalent to an acquittal and therefore bars a second prosecution for the same offense.").

court could not reverse its earlier ruling of acquittal because "there is no suggestion in this case that the district court's oral grant of the motion for acquittal was tentative or subject to reconsideration"); *United States v Thompson*, 690 F3d 977, 996 (CA 8, 2012) ("When the district court initially granted Thompson's motion for judgment of acquittal, it did so unequivocally, without making any indication of any availability of reconsideration . . . . Once Thompson had rested his case, *relying at least in part on the district court's judgment of acquittal*, double jeopardy attached and the reversal of that judgment was a constitutional violation.").[12]

### IV. CONCLUSION

We conclude that the circuit court had jurisdiction to enter the order of acquittal and that the Double Jeopardy Clause bars defendant's retrial on the charge of resisting or obstructing a police officer, MCL 750.81d(1).  Accordingly, we reverse the circuit court's order remanding to the district court for a new trial, and remand to the circuit court for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood

---

[12] We acknowledge that these cases concerned mid-trial judgments of acquittal, whereas this case concerns a post-trial order of acquittal.  We nonetheless find them persuasive and believe that barring retrial here is consistent with the overarching general rule that acquittals cannot be set aside unless the fact-finder has already returned a verdict of guilty and the prosecution simply seeks to have that verdict reinstated.  See *Smith*, 543 US at 467.  Indeed, it would be a peculiar outcome if a judgment and order of acquittal as a result of a trial could not be set aside by a higher court on appeal, but an order and judgment of acquittal could be set aside on reconsideration by the same court which issued it.

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LATAUSHA SIMMONS,

        Defendant-Appellant.

FOR PUBLICATION
July 1, 2021

No. 349547
Macomb Circuit Court
LC No. 2018-000127-AR

## ON RECONSIDERATION

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

BECKERING, P.J. (*dissenting*).

    At the heart of this appeal is whether double jeopardy bars defendant, Latausha Simmons, from being retried in the district court after having been convicted by a jury, sentenced, successfully had her conviction thrown out on appeal in the circuit court, and then having that victory overturned by the circuit court due to a motion for reconsideration filed by the prosecution. Contrary to my colleagues, I conclude that double jeopardy does not apply here, and the circuit court did not err in remanding for a new trial. Consequently, I respectfully dissent.

## I. BASIC FACTS AND PROCEDURAL HISTORY

    As noted by the majority, defendant appeals as on leave granted the circuit court's order reversing her district court jury trial conviction for resisting or obstructing a police officer, MCL 750.81d(1), and remanding to the district court for a new trial. Defendant argues on appeal[1] that

---

[1] This Court denied defendant's application for leave to appeal. *People v Simmons*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 349547). Defendant filed an application for leave to appeal with the Michigan Supreme Court. On September 23, 2020, in lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Simmons*, 939 NW2d 268 (Mich, 2020). The case is also on

*This case arises out of the arrest of defendant for her failure to comply with the directives* of Warren police officers. Officer Sullivan observed defendant exit a grocery store through an opening not typically used by the public and walk to a car parked in an alley next to the grocery store. Defendant entered the car, drove a few feet, exited the car next to a dumpster or shipping container that was in the alley, and peeked around the corner of the dumpster or shipping container at Officer Sullivan. Officer Sullivan found her behavior to be suspicious and approached her to investigate. He requested her identification numerous times. Defendant did not respond to Officer Sullivan and did not present her identification to him. Officer Horlocker and Officer Sciullo were then dispatched to assist Officer Sullivan. Officer Horlocker and Officer Sciullo independently spoke to defendant and requested her identification. Defendant did not respond to either officer and never produced her identification. She was ultimately arrested and charged with resisting or obstructing a police officer.

Before trial, defendant filed a motion to dismiss and for an evidentiary hearing on the lawfulness of the officers' conduct. After a hearing, the district court concluded that the officers' conduct was lawful and the matter then proceeded to trial. On the first day of trial, before the jury was empaneled, the parties discussed the introduction of evidence regarding the lawfulness of the officers' conduct and whether the jury was to be instructed that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The district court ruled that it previously had determined that the officers' conduct was lawful, that no evidence could be presented at trial regarding the lawfulness of the officers' conduct or the legality of defendant's arrest, and that the jury was not to be instructed that the lawfulness of the officers' conduct was a factual issue for it to determine. Consequently, no evidence was presented at trial on the lawfulness of the officers' conduct and the jury did not consider that as one of the elements of the criminal allegation before it. Thus, the jury did not consider the lawfulness of the police officers' conduct and it then found defendant guilty of resisting or obstructing a police officer.

Defendant appealed her conviction to the circuit court. The prosecution did not respond to her appeal or file an appearance. At the hearing on the appeal, the circuit court concluded that the district court erred by precluding the introduction of evidence on the lawfulness of the officers' conduct but, nonetheless, ruled that defendant must be acquitted:

> Even if the – somebody on behalf of the State of Michigan or the City of Warren did appear, on the merits, you win. This matter is reversed and a judgment of acquittal is entered in favor of the Defendant.

> * * *

> Congratulations and on behalf of the State of Michigan let me apologize to the Defendant for going through what you did go through. I mean, even if the instructions had been correct, I see no way that you could have been or should have been convicted on this evidence.

> * * *

> You're an innocent person. Finally the record caught up with that. Thank you. Okay.

officers' conduct was lawful, that no evidence could be presented at trial regarding the lawfulness of the officers' conduct or the legality of defendant's arrest, and that the jury was not to be instructed that the lawfulness of the officers' conduct was a factual issue for it to determine. *After hearing the evidence, the jury found defendant guilty of resisting or obstructing a police officer.* The district court sentenced defendant to six months' probation.

Acting *in propria persona*,[2] defendant appealed her conviction to the circuit court. She contended that the district court erred by concluding that Officer Sullivan's conduct was lawful, by precluding the parties from presenting evidence or making any arguments regarding the lawfulness of the officers' conduct, and by failing to instruct the jury that it was to determine whether the officers' conduct was lawful because it was an element of the offense. She also asserted that defense counsel was ineffective for failing to present evidence regarding the lawfulness of the officers' conduct. Defendant requested that the circuit court grant her a new trial. She later filed a supplemental brief, arguing that her trial counsel was also ineffective for failing to thoroughly cross-examine Officer Sullivan and for failing to obtain and introduce the police report concerning the incident. She requested that the case be dismissed.

At the hearing concerning the appeal, the circuit court noted that the prosecution did not file a response and was not present. The circuit court concluded that the district court erred by precluding the parties from presenting evidence regarding the lawfulness of the officers' conduct and by failing to instruct the jury that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The circuit court further ruled that defendant was entitled to an acquittal, stating the following:

> Even if the—somebody on behalf of the State of Michigan or the City of Warren did appear, on the merits, you win. This matter is reversed and a judgment of acquittal is entered in favor of the Defendant.
>
> * * *
>
> Congratulations and on behalf of the State of Michigan let me apologize to the Defendant for going through what you did go through. I mean, even if the instructions had been correct, I see no way that you could have been or should have been convicted on this evidence.

The circuit court told defendant that she was "an innocent person" and stated, "Finally the record caught up with that." The corresponding order provided:

> For the reasons stated on the record, Defendant's motion is GRANTED, Defendant's conviction is reversed, and all arrest records and fingerprint cards shall

---

[2] Defendant was represented by counsel at various points in the lower court proceedings, but she also represented herself on other occasions.

be returned to Defendant forthwith. This order is a final order resolving all claims and closing the case.

The prosecution filed a motion for reconsideration, explaining that it was not served with defendant's claim of appeal or any other documents.[3] The prosecution agreed that the district court erred by not allowing the jury to determine the lawfulness of the officers' conduct, by precluding the parties from introducing evidence on or arguing about the lawfulness of the officers' conduct, and by failing to properly instruct the jury. The prosecution argued, however, that the proper remedy for the district court's error was to remand for a new trial, not acquittal. At a hearing held regarding the motion for reconsideration, the circuit court reviewed the record and concluded that the prosecution was never served with defendant's claim of appeal or any of the other documents. The court set aside its order of acquittal and ordered defendant to file a delayed application for appeal.

Defendant filed a delayed application for appeal and properly served the prosecution. At the hearing regarding defendant's appeal, she argued that the proper remedy for the district court's error was acquittal because there was insufficient evidence presented to support her conviction and double jeopardy barred retrial. On the other hand, the prosecution submitted that the issue was not the sufficiency of the evidence, but rather that the district court concluded the officers' conduct was lawful, erroneously precluded the introduction of evidence and argument on an element of the offense, and failed to properly instruct the jury. The prosecution further noted that if the circuit court was to determine that there was insufficient evidence presented to support defendant's conviction, it would be making the same mistake as the district court because no evidence was presented on the element and the issue was not decided by the jury. Accordingly, the prosecution asserted that the proper remedy was remand for a new trial.

The circuit court issued a written opinion and order, concluding that the district court erroneously removed the element of whether the officers acted lawfully from the jury. The circuit court concluded that the proper remedy was to reverse and remand for a new trial because the jury verdict was overturned on the basis of an instructional error. Accordingly, the circuit court reversed defendant's conviction and remanded to the district court for a new trial.

## II. ANALYSIS

### A. SERVICE AND CIRCUIT COURT JURISDICTION

Defendant first argues that the circuit court erred by concluding that she failed to serve her claim of appeal and supporting documents on the prosecution. I disagree.

An appeal as of right to the circuit court is governed by MCR 7.104 and must be filed within 21 days of the entry of a judgment. MCR 7.104(A)(1); See MCR 6.625(A) (directing that an appeal from a misdemeanor case is governed by subchapter 7.100 of the court rules). "To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the

---

[3] Additionally, the prosecution noted that the city of Warren was erroneously named as plaintiff on defendant's claim of appeal and on the circuit court's docket sheet.

circuit court within the time for taking an appeal: (1) the claim of appeal, and (2) the circuit court's appeal fees, unless the appellant is indigent." MCR 7.104(B). The claim of appeal must "name the parties in the same order as they appear in the trial court, with the added designation 'appellant' or 'appellee.' " MCR 7.104(C)(b). With the claim of appeal, the appellant must file, in relevant part, "proof that a copy of the claim of appeal and other documents required by this subrule were served on all parties, the trial court or agency, and any other person or officer entitled by law to notice of the appeal." MCR 7.104(D)(9). Additionally, the court rules require that an appellant "must file a brief conforming to MCR 7.212(C) and serve it on all other parties to the appeal." MCR 7.111(A)(1)(a).

On June 26, 2018, defendant timely filed a claim of appeal, a motion for a fee waiver, and a request for a hearing in the circuit court. The claim of appeal erroneously named both "The State of Michigan" and "The People of the City of Warren" as plaintiff, and only included the city of Warren's address. The proof of service on the claim of appeal was blank. The motion for a fee waiver and request for a hearing only named the "City of Warren" as plaintiff.[4]

A review of the lower court record shows that the prosecution was never served with defendant's claim of appeal or other documents. Despite defendant's claim that she served the prosecution via first-class mail, I agree with the circuit court that the record is void of any evidence supporting her claim. Additionally, this case is designated with the "AR" case code and was subject to the 16th Circuit Court's mandatory electronic filing program, which requires that all court documents be electronically filed in lieu of traditional paper filings. Administrative Order 2010-6, 494 Mich lxvii (2010) (expanding the e-filing program to cover all cases with a "AR" designation). Accordingly, the circuit court did not err in concluding that the prosecution was not served with defendant's claim of appeal or any documents filed thereafter.

At any rate, as both parties agree, defendant's failure to properly serve her claim of appeal on the prosecution did not affect the circuit court's jurisdiction over the appeal. As stated earlier, defendant filed in the circuit court a claim of appeal and a motion to waive fees. The circuit court granted the motion to waive fees on July 9, 2018. Therefore, jurisdiction vested in the circuit court when defendant filed her claim of appeal and her fees were waived. See MCR 7.104(B). This is true regardless whether defendant properly served the prosecution because the service of process provisions contained in the court rules are intended to satisfy due process requirements that parties be notified of pending actions. See MCR 2.105(K)(1) (The service of process provisions "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant.") Therefore, defendant's defective service did not divest the circuit court of jurisdiction to enter an order related to her appeal.

---

[4] The circuit court later determined that the city of Warren was not properly named as a party in this case. Subsequent electronic filings submitted in the case were served on the attorney representing the city of Warren, defendant's appointed counsel, defendant, the court reporter, and district court clerk. Defendant filed a brief on appeal in the circuit court. She attached two copies of her claim of appeal, which indicated that the prosecution was served with the claim of appeal via first-class mail.

Next, defendant contends that the circuit court did not have jurisdiction to consider the prosecution's motion for reconsideration because it was not timely filed. I disagree.

A motion for reconsideration "must be served and filed not later than 21 days after entry of an order deciding the motion." *MCR 2.119(F)(1); See MCR 7.110* (providing that "[m]otion practice in the circuit court appeals is governed by MCR 2.119"). In this case, the circuit court entered an order of acquittal on December 26, 2018. Thirteen days later, on January 10, 2019, the prosecution filed a motion for reconsideration. The motion was entered into the register of actions on January 18, 2019. This discrepancy in the date of filing versus the date that the motion was entered into the register of actions was addressed by the circuit court. The circuit court concluded that, while the register of actions reflected that the prosecution's motion was filed on January 18, 2019, the prosecution's motion was timely electronically filed on January 10, 2019. I agree because "[r]egardless of the date a filing is accepted by the clerk of the court, the date of filing is the date submitted." *MCR 1.109(G)(5)(b)*. Therefore, the circuit court properly concluded that the prosecution's motion was timely filed.

## B. DOUBLE JEOPARDY

Defendant finally argues that double jeopardy bars retrial because the circuit court initially concluded that insufficient evidence was presented to support her conviction and entered an order of acquittal. I disagree.

"A double jeopardy challenge presents a question of law that we review de novo." *People v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001). Likewise, claims of instructional error and issues of law arising from jury instructions are reviewed de novo as a question of law. *People v Mitchell*, 301 Mich App 282, 285-286; 835 NW2d 615 (2013).

"The United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense." *People v Ackah-Essien*, 311 Mich App 13, 31; 847 NW2d 172 (2015); US Const, Am V; Const 1963, art 1 § 15. The Double Jeopardy Clauses in the United States and Michigan Constitutions are construed consistently with each other. *People v Szalma*, 487 Mich 708, 716; 790 NW2d 662 (2010). "The purpose of the double jeopardy provision is to prevent the state from making repeated attempts at convicting an individual for an alleged crime." *People v Torres*, 452 Mich 43, 63; 549 NW2d 540 (1996). Our Supreme Court explained that the Double Jeopardy Clause provides the following protections: (1) protection "against a second prosecution for the same offense after acquittal[;]" (2) protection "against a second prosecution for the same offense after conviction[;]" and (3) protection "against multiple punishments for the same offense." *Id.* at 64 (quotation marks and citations omitted). "The interests underlying these protections are quite similar. When a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense." *United States v Wilson*, 420 US 332, 343; 95 S Ct 1013; 43 L Ed 2d 232 (1975). "By contrast, where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended." *Id.* at 344.

Generally, the Double Jeopardy Clause does not prohibit the retrial of a defendant whose conviction was set aside as the result of an error that occurred at trial. *People v Setzler*, 210 Mich

*App 138, 139-140; 533 NW2d 18 (1995). However, if a defendant's conviction is reversed due to* insufficient evidence, "double jeopardy bars reprosecution where the elements of the subsequent crime charged are identical to the elements of the original crime charged." *Id.* at 140. Moreover, the Double Jeopardy Clause bars retrial following a court-decreed mid-trial acquittal, even if the acquittal is based upon an egregiously erroneous foundation. *Evans v Michigan*, 568 US 313, 318; 133 S Ct 1069; 185 L Ed 2d 124 (2013). In *Evans*, the trial court entered a midtrial directed verdict of acquittal based upon its view that the prosecution failed to present sufficient evidence of a particular element of the charged offense. *Id.*, 568 US at 315. However, the "unproven 'element' was not actually" required for a conviction. *Id.* The United States Supreme Court held that the midtrial acquittal constituted an acquittal on the merits even though it was based on the "erroneous addition of a statutory element . . . ." *Id.* Nonetheless, and importantly to the instant case, the Supreme Court noted that "[i]f a court grants a motion to acquit after the jury has convicted, there is no double jeopardy barrier to an appeal by the government from the court's acquittal, because reversal would result in reinstatement of the jury verdict of guilty, not a new trial." *Id.* at 330 n 9. The majority opinion, in its footnote 6, recognizes these principles, citing *Smith v Massachusetts*, 543 US 462, 467; 125 S Ct 1129; 160 L Ed 2d 914 (2005) and *People v Jones*, 203 Mich App 74, 79 n 1; 512 NW2d 26 (1993).

In the instant case, the Double Jeopardy Clause does not prohibit the prosecution from retrying defendant. There are two different rulings in this case that require differentiation: the circuit court's reversal of its own order of acquittal, and its subsequent order remanding for a new trial based on evidentiary and instructional error. The majority appears to conflate these aspects of the case. Defendant was convicted by a jury for resisting and obstructing a police officer in the district court. She then appealed her conviction to the circuit court. The circuit court, acting as an intermediate appellate court, entered an order of acquittal after apparently concluding that the jury was improperly instructed and that the evidence was insufficient to support defendant's conviction. The prosecution moved for reconsideration of that order, arguing that it had not been served defendant's claim of appeal and that the proper remedy for instructional error was to remand for retrial. After determining that defendant failed to serve the claim of appeal on the prosecution, the circuit court vacated its order of acquittal. The prosecution was permitted to seek reconsideration of the order of acquittal because the circuit court was sitting as an appellate court reviewing defendant's jury conviction. See *Evans*, 568 US at 330 n 9. Moreover, the circuit court had the authority to reverse its prior order of acquittal on reconsideration. MCR 7.114(D); MCR 2.119(F). See also *People v Walters*, 266 Mich App 341, 349-350; 700 NW2d 424 (2005) (the circuit court, sitting as an appellate court, has the inherent ability to reconsider a judgment or order under MCR 2.119(F)). The acquittal had not yet become "final" because the prosecution could appeal to a higher appellate court. See *People v Oros*, 502 Mich 229, 234; 917 NW2d 559 (2018) (overruling this Court's decision concluding that the evidence was insufficient to support a conviction for first-degree premeditated murder and reinstating the defendant's first-degree murder conviction). Additionally, because defendant was convicted by a jury and the verdict was set aside by the circuit court acting as an appellate court, double jeopardy did not preclude reinstatement of the jury verdict. *Evans*, 568 US 330 n 9; *Smith*, 543 US 467.[5] In sum, after the circuit court properly set

---

[5] In its written opinion on defendant's delayed application, the circuit court concluded that because the lawfulness of the officers' conduct was an element of the charged offense and the parties were

aside its order of acquittal on appeal and ordered defendant to file a delayed application, defendant's conviction was logically reinstated until the delayed application was considered and decided.

After defendant filed her delayed application to appeal, the circuit court ultimately agreed with the parties that the district court erred by prohibiting evidence related to the lawfulness of the officers' actions. See *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012) (stating that the prosecution must establish that the officers' actions were lawful in a case in which the defendant is charged with resisting or obstructing a police officer). The circuit court then set aside defendant's conviction, and remanded the case to the district court for retrial based on the evidentiary and instructional error. The Double Jeopardy clause, as previously stated, does not prohibit the retrial of a defendant whose conviction was set aside as the result of an error that occurred at trial. *Setzler*, 210 Mich App 139-140. Therefore, the circuit court's remand for a new trial was the proper remedy upon deciding defendant's delayed application for leave to appeal.

To summarize, I respectfully suggest that the majority conflated two separate principles: the circuit court appellate error in entering an order of acquittal, which was subsequently remedied by the circuit court itself, and the circuit court remanding for a new trial. Because post-conviction orders of acquittal are subject to reversal and reconsideration, reversal of the order of acquittal was appropriate. And, because pre-trial legal errors entitle a defendant to a new trial, remand for a new trial was also appropriate.

/s/ Jane M. Beckering

---

prohibited from presenting evidence in that regard, "if this court determined the actions of the officers in this case were not lawful, this court would be committing the same error [as the district court] in usurping the jury's function." See *People v Kowalski*, 489 Mich 48; 501; 803 NW2d 200 (2011) ("A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense."),

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

APPENDIX D

# STATE OF MICHIGAN

## COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LATAUSHA SIMMONS,

        Defendant-Appellant.

FOR PUBLICATION
April 29, 2021
9:00 a.m.

No. 349547
Macomb Circuit Court
LC No. 2018-000127-AR

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

RIORDAN, J.

    Defendant appeals, as on leave granted from our Supreme Court,[1] the circuit court's order reversing her conviction of resisting or obstructing a police officer, MCL 750.81d(1), and remanding to the district court for a new trial. Defendant argues that the circuit court had jurisdiction to enter its earlier order of acquittal, and further, that entry of the order precludes retrial under the Double Jeopardy Clause of the United States Constitution, US Const, Am V.[2] We agree in both respects. Accordingly, we reverse the circuit court's order and remand to that court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

    This case arises out of the arrest of defendant for her failure to comply with the directives of Warren police officers. Officer Sullivan observed defendant exit a grocery store through an opening not typically used by the public and walk to a car parked in an alley next to the grocery store. Defendant entered the car, drove a few feet, exited the car next to a dumpster or shipping container that was in the alley, and peeked around the corner of the dumpster or shipping container at Officer Sullivan. Officer Sullivan found her behavior to be suspicious and approached her to

---

[1] *People v Simmons*, 506 Mich 912 (2020).

[2] As applied to the States through the Fourteenth Amendment of the United States Constitution, US Const, Am XIV, see *Benton v Maryland*, 395 US 784, 787; 89 S Ct 2056; 23 L Ed 2d 707 (1969). See also Const 1963, art 1, § 15.

investigate. He requested her identification numerous times. Defendant did not respond to Officer Sullivan and did not present her identification to him. Officer Horlocker and Officer Sciullo were then dispatched to assist Officer Sullivan. Officer Horlocker and Officer Sciullo independently spoke to defendant and requested her identification. Defendant did not respond to either officer and never produced her identification. She was ultimately arrested and charged with resisting or obstructing a police officer.

Before trial, defendant filed a motion to dismiss and for an evidentiary hearing on the lawfulness of the officers' conduct. After a hearing, the district court concluded that the officers' conduct was lawful and the matter then proceeded to trial. On the first day of trial, before the jury was empaneled, the parties discussed the introduction of evidence regarding the lawfulness of the officers' conduct and whether the jury was to be instructed that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The district court ruled that it previously had determined that the officers' conduct was lawful, that no evidence could be presented at trial regarding the lawfulness of the officers' conduct or the legality of defendant's arrest, and that the jury was not to be instructed that the lawfulness of the officers' conduct was a factual issue for it to determine. Consequently, no evidence was presented at trial on the lawfulness of the officers' conduct and the jury did not consider that as one of the elements of the criminal allegation before it. Thus, the jury did not consider the lawfulness of the police officers' conduct and it then found defendant guilty of resisting or obstructing a police officer.

Defendant appealed her conviction to the circuit court. The prosecution did not respond to her appeal or file an appearance. At the hearing on the appeal, the circuit court concluded that the district court erred by precluding the introduction of evidence on the lawfulness of the officers' conduct but, nonetheless, ruled that defendant must be acquitted:

> Even if the – somebody on behalf of the State of Michigan or the City of Warren did appear, on the merits, you win. This matter is reversed and a judgment of acquittal is entered in favor of the Defendant.
>
> * * *
>
> Congratulations and on behalf of the State of Michigan let me apologize to the Defendant for going through what you did go through. I mean, even if the instructions had been correct, I see no way that you could have been or should have been convicted on this evidence.
>
> * * *
>
> You're an innocent person. Finally the record caught up with that. Thank you. Okay.

The circuit court accordingly entered an order of acquittal, which stated as follows:

> For the reasons stated on the record, Defendant's motion is GRANTED, Defendant's conviction is reversed, and all arrest records and fingerprint cards shall be returned to Defendant forthwith. This order is a final order resolving all claims and closing the case.

Thirteen days later, the prosecution moved for reconsideration, asserting that it never was served with defendant's claim of appeal or any of the documents filed thereafter, and that the proper remedy for the district court's error was to remand to that court for a new trial, not to enter an order of acquittal.[3] After reviewing the record, the circuit court concluded that the prosecution was not served with defendant's claim of appeal or any of the documents filed thereafter and set aside the order of acquittal. Ultimately, the circuit court reversed itself by concluding that the district court erroneously removed the element of whether the officers acted lawfully from the province of the jury, and it remanded the matter to the district court so that defendant could be retried on the charge of resisting or obstructing a police officer.

Defendant filed an application for leave to appeal in this Court, which was denied for lack of merit on the grounds presented. *People v Simmons*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 349547). Defendant then filed an application for leave to appeal in our Supreme Court. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted. *Simmons*, 506 Mich 912. We now address the merits of her appeal.

## II. JURISDICTION

Defendant first argues that the circuit court erred by finding that she did not properly serve her claim of appeal on the prosecution, and alternatively, even if the circuit court did not err by so finding, that the circuit court nonetheless possessed jurisdiction to enter the order of acquittal. We need not address the former argument because we conclude that the circuit court possessed jurisdiction over her appeal in either event. This Court reviews jurisdictional questions de novo. *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015).

"To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the circuit court within the time for taking an appeal: (1) the claim of appeal, and (2) the circuit court's appeal fees, unless the appellant is indigent." MCR 7.104(B). "An appeal of right to the circuit court must be taken within . . . . 21 days or the time allowed by statute after entry of the judgment, order, or decision appealed[.]" MCR 7.104(A)(1). "The time limit for an appeal of right is jurisdictional." MCR 7.104(A).

On June 26, 2018, defendant timely filed a claim of appeal with the clerk of the circuit court. In addition, defendant filed a request for a fee waiver with her claim of appeal. On July 9, 2018, the circuit court waived her fees because of her indigency. Therefore, under MCR 7.104(A)(1) and (B), jurisdiction was vested in the circuit court because defendant timely filed her claim of appeal and her fees were waived. This is true regardless of whether defendant properly served the prosecution with her claim of appeal because the service-of-process provisions

---

[3] The prosecution conceded in both the circuit court and this Court that the district court erred by precluding the introduction of evidence on the lawfulness of the officers' conduct and by refusing to instruct the jury concerning that element of the charged offense. See *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012) (concluding that whether the officer acted lawfully is an element of the crime of resisting or obstructing a police officer).

contained in the court rules "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant." MCR 2.105(J)(1).[4] Thus, even if defendant did not properly serve her claim of appeal on the prosecution, it did not divest the circuit court of jurisdiction to enter its judgment of acquittal.[5] See MCL 600.611 ("Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments.").

## III. DOUBLE JEOPARDY

Defendant next argues that retrial would violate the Constitutional prohibition against double jeopardy. We agree. "A double jeopardy challenge involves a question of law that this Court reviews de novo." *People v Dillard*, 246 Mich App 163, 165; 631 NW2d 755 (2001). Likewise, "[t]his Court reviews de novo claims of instructional error." *People v Dupree*, 284 Mich App 89, 97; 771 NW2d 470 (2009).

"The United States and the Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense." *People v Parker*, 230 Mich App 337, 342; 584 NW2d 336 (1998), citing US Const, Am V; Const 1963, art 1, § 15. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

With regard to the first protection, "the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v United States*, 468 US 317, 325; 104 S Ct 3081; 82 L Ed 2d 242 (1984). Thus, "a verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offense." *Ball v United States*, 163 US 662, 671; 16 S Ct 1192; 41 L Ed 300 (1896). Similarly, "the Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.' " *Evans v Michigan*, 568 US 313, 318; 133 S Ct 1069; 185 L Ed 2d 124 (2013), quoting *Fong Foo v United States*, 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962). "[A]n acquittal precludes retrial even if it is premised upon an erroneous decision to exclude evidence, a mistaken understanding of what evidence would

---

[4] At most, the alleged failure to properly serve the claim of appeal would perhaps result in a lack of personal jurisdiction over the prosecution. See *In re Koss Estate*, 340 Mich 185, 190; 65 NW2d 316 (1954) ("[S]ervice of the notice of claim of appeal is the means whereby the circuit court attains jurisdiction over the parties to the appeal (although filing claim of appeal vests jurisdiction of the subject matter in the circuit court)[.]"). But see *Mich Emp Sec Comm'n v Wayne State Univ*, 66 Mich App 26, 30-31; 238 NW2d 191 (1975) (limiting *In re Koss Estate* to the court rule in effect when that case was decided). Regardless, the prosecution does not raise any personal-jurisdiction argument.

[5] We note that the prosecution concedes this point as well.

suffice to sustain a conviction, or a 'misconstruction of the statute' defining the requirements to convict." *Evans*, 568 US at 318 (citations omitted).[6]  Consequently, "an acquittal is final even if it is based on an erroneous *evidentiary* ruling that precluded the prosecution from introducing evidence that would have been sufficient to convict the defendant." *People v Szalma*, 487 Mich 708, 717-718; 790 NW2d 662 (2010) (emphasis in original).  See also *Webster v Duckworth*, 767 F2d 1206, 1214 (CA 7, 1985) ("The absence of competent substantive evidence to support a verdict of guilty beyond a reasonable doubt, whether the result of prosecutorial inability, judicial error or a recalcitrant witness, requires an acquittal either at trial or on appeal.").

The United States Supreme Court has "defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans*, 568 US at 318.  "Thus, an acquittal includes a ruling by the court that the evidence is insufficient to convict, a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, and any other ruling which relates to the ultimate question of guilt or innocence." *Id.* at 319 (cleaned up).  On the other hand, "a defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual guilt or innocence, has not been determined to be innocent in any sense of that word, absolute or otherwise." *United States v Scott*, 437 US 82, 98 n 11; 98 S Ct 2187; 57 L Ed 2d 65 (1978).  In these scenarios, the Double Jeopardy Clause generally does not bar retrial following such "procedural dismissals." See *Evans*, 568 US at 319.

"Whether a judgment of a lower court is an acquittal for purposes of double jeopardy 'is not to be controlled by the form of the judge's action.' " *Szalma*, 487 Mich at 721, quoting *United States v Martin Linen Supply Co*, 430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977).  "Rather, an appellate court 'must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *Szalma*, 487 Mich at 721, quoting *Martin Linen*, 430 US at 571.  That is, "[t]here is an acquittal and retrial is impermissible when the judge 'evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction.' " *People v Anderson*, 409 Mich 474, 486; 295 NW2d 482 (1980), quoting *Martin Linen*, 430 US at 572.

Two cases illustrate the opposite ends of the spectrum of the Double Jeopardy issue before us.  In *Sanabria v United States*, 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978), the petitioner was charged in federal district court with violating 18 USC 1955, a statute that prohibits operating an "illegal gambling business" in violation of state law. *Id.* at 56.  The federal district court originally allowed the Government to introduce evidence of both "numbers betting" and "horse

---

[6] The United States Supreme Court has "made a single exception to the principle that acquittal by judge precludes reexamination of guilt no less than acquittal by jury:  When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." *Smith v Massachusetts*, 543 US 462, 467; 125 S Ct 1129; 160 L Ed 2d 914 (2005).  See also *People v Jones*, 203 Mich App 74, 79 n 1; 512 NW2d 26 (1993) ("Although retrial following acquittal is barred under the Double Jeopardy Clause, the government may appeal if reinstatement of the jury's verdict of conviction, rather than retrial, is sought.").

betting," but subsequently struck all evidence of numbers betting near the end of trial "because it believed such action to be required by the indictment's failure to set forth the proper section." *Id.* at 58-59. The federal district court then entered a judgment of acquittal in favor of the petitioner on the basis that the Government failed to introduce sufficient proof that the petitioner was connected to the "horse-betting activities." *Id.* at 59. Thereafter, the Government sought to retry the petitioner for numbers betting alone. *Id.* at 60-61. The United States Supreme Court ruled that the Double Jeopardy Clause barred retrial notwithstanding the federal district court's presumably erroneous interpretation of the indictment and accompanying decision to exclude evidence:

> We must assume that the trial court's interpretation of the indictment was erroneous. But not every erroneous interpretation of an indictment for purposes of deciding what evidence is admissible can be regarded as a "dismissal." Here the District Court did not find that the count failed to charge a necessary element of the offense; rather, it found the indictment's description of the offense too narrow to warrant the admission of certain evidence. To this extent, we believe the ruling below is properly to be characterized as an erroneous evidentiary ruling, which led to an acquittal for insufficient evidence. That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error. [*Id.* at 68-69 (citations omitted).]

In *United States v Houston*, 792 F3d 663 (CA 6, 2015), the defendant was charged in federal district court with violating 18 USC 875(c), a statute prohibiting the transmittal of a threat in interstate commerce. *Id.* at 665. The federal district court instructed the jury that " '[a] statement is a true threat if it was made under such circumstances that a reasonable person hearing the statement would understand it as a serious expression of intent to inflict injury.' " *Id.* at 666. The United States Court of Appeals for the Sixth Circuit reversed the defendant's conviction and remanded the matter to the federal district court for a new trial, explaining that the instruction was erroneous because "[i]t permitted the jury to return a criminal conviction based on a negligent state of mind[.]" *Id.* at 667. The Court then addressed his sufficiency-of-the-evidence challenge, stating as follows:

> Before addressing this argument, a brief digression is in order. Do we measure the sufficiency of the evidence to convict Houston under the wrong instruction (what was given) or the right one (what would otherwise be given on remand)? Oddly enough, it is the wrong instruction, at least when the instructions omit or inaccurately describe an element of the offense and the defendant fails to object—as here. Otherwise, we would be forced to measure the evidence introduced by the government against a standard it did not know it had to satisfy and potentially prevent it from ever introducing evidence on that element. Nor does this approach create Double Jeopardy problems. Consider this case: If we think about the sufficiency of the evidence with respect to correct jury instructions, the government would not be seeking a second bite at the apple but a *first* bite under the right legal test. . . . Other appellate courts have reached the same conclusion. [*Id.* at 669-670 (emphasis in original).]

In this case, the order of acquittal provided that it was granted "[f]or the reasons stated on the record." And the circuit court stated on the record that "even if the instructions had been

correct, I see no way that [defendant] could have been or should have been convicted on this evidence." This was an unequivocal determination that the evidence was insufficient to establish all of the elements of resisting or obstructing a police officer beyond a reasonable doubt and therefore the circuit court's action constituted an acquittal. See *Anderson*, 409 Mich at 486, quoting *Martin Linen*, 430 US at 572 (explaining that an acquittal occurs "when the judge 'evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction' "). Further, the circuit court also stated that defendant was "an innocent person." Such an express finding of innocence also constitutes an acquittal. See *Evans*, 568 US at 319. Simply put, the circuit court's statements on the record may only be reasonably understood to be an acquittal for the purposes of the Double Jeopardy Clause.[7]

Having concluded that the order of acquittal was an "acquittal" for the purposes of the Double Jeopardy Clause, retrial is barred. See *Fong Foo*, 369 US at 143; *Szalma*, 487 Mich at 717-718. The order of acquittal "precludes reexamination of guilt" in all cases except "a prosecution appeal to reinstate the . . . verdict of guilty." *Smith*, 543 US at 467. Here, however, the prosecution does not seek to reinstate the jury's guilty verdict because it has acknowledged, as it must under the factual and procedural history here, that the underlying instructional error would require a new trial, not the reinstatement of a guilty verdict. Thus, the Fifth Amendment's Double Jeopardy Clause applies here and bars defendant's retrial.[8]

Lastly, we acknowledge that the circuit court, on reconsideration, set aside its order of acquittal and instead remanded to the district court for a new trial on the basis that the error in the original trial was merely instructional.[9] Such reasoning is not without force. As *Houston* explains, when a trial court fails to instruct a jury on a particular element of the crime, a sufficiency-of-the-evidence challenge should be reviewed on the basis of the wrong instructions. See *Houston*, 792

---

[7] By analogy, MCR 6.419(A) provides that during a jury trial, at the close of the prosecution's case-in-chief or the close of evidence, "the court on the defendant's motion must direct a verdict of acquittal on any charged offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." The finding of evidentiary insufficiency in this case is akin to such a finding in a directed verdict of acquittal.

[8] We do not find the prosecution's citation to *People v Reed*, unpublished per curiam opinion of the Court of Appeals, issued November 21, 2013 (Docket No. 311067), persuasive. Notwithstanding that it is unpublished and therefore not precedentially binding, see MCR 7.215(C)(1), there is nothing in *Reed* to suggest that the jury had already been selected and sworn when the trial court dismissed the case "[o]n the day of defendant's trial." "Jeopardy attaches when a jury is selected and sworn . . . ." *People v Grace*, 258 Mich App 274, 279; 671 NW2d 554 (2003).

[9] Defendant argues that the circuit court did not possess jurisdiction to grant the prosecution's motion for reconsideration because the motion was filed more than 21 days after the order of acquittal was entered. See MCR 2.119(F)(1). The record, however, indicates that the motion was filed on January 10, 2019, only 13 days after the order of acquittal was entered.

F3d at 669-670. And although the question is not before us today, we acknowledge that it is at least arguable that there was sufficient evidence to sustain defendant's conviction under the wrong instructions given to the jury. Nonetheless, the key fact which distinguishes the matter here from cases such as *Houston*, and brings it within the realm of cases such as *Sanabria*, is that the circuit court entered an order of acquittal. While the circuit court later tried to reverse course, we conclude that its ruling on reconsideration cannot supersede its earlier order of acquittal for the purposes of the Double Jeopardy Clause because that earlier order, as evidenced by its unequivocal language, was not tentative in any respect. See *United States v Blount*, 34 F3d 865, 868 (CA 9, 1994) (holding that the federal district court could not reverse its earlier ruling of acquittal because "there is no suggestion in this case that the district court's oral grant of the motion for acquittal was tentative or subject to reconsideration"); *United States v Thompson*, 690 F3d 977, 996 (CA 8, 2012) ("When the district court initially granted Thompson's motion for judgment of acquittal, it did so unequivocally, without making any indication of any availability of reconsideration . . . . Once Thompson had rested his case, relying at least in part on the district court's judgment of acquittal, double jeopardy attached and the reversal of that judgment was a constitutional violation.").[10]

## IV. CONCLUSION

We conclude that the circuit court had jurisdiction to enter the order of acquittal and that the Double Jeopardy Clause bars defendant's retrial on the charge of resisting or obstructing a police officer, MCL 750.81d(1). Accordingly, we reverse the circuit court's order remanding to the district court for a new trial, and remand to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Jane M. Beckering
/s/ Karen M. Fort Hood

---

[10] We acknowledge that these cases concerned mid-trial judgments of acquittal, whereas this case concerns a post-trial order of acquittal. We nonetheless find them persuasive and believe that barring retrial here is consistent with the overarching general rule that acquittals cannot be set aside unless the fact-finder has already returned a verdict of guilty and the prosecution simply seeks to have that verdict reinstated. See *Smith*, 543 US at 467. Indeed, it would be a peculiar outcome if an order of acquittal could not be set aside by a higher court on appeal, but the order could be set aside by the same court on reconsideration.

# Order

September 23, 2020

160534 & (32)(37)(39)

**APPENDIX E**

Michigan Supreme Court
Lansing, Michigan

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellee,

v

LATAUSHA SIMMONS,
Defendant-Appellant.

_____/

SC: 160534
COA: 349547
Macomb CC: 2018-000127-AR

By order of March 3, 2020, the prosecuting attorney was directed to answer the application for leave to appeal the July 30, 2019 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted. The motions for immediate consideration and for stay of proceedings in the 37th District Court are GRANTED. On motion of a party or on its own motion, the Court of Appeals may modify, set aside, or place conditions on the stay if it appears that the appeal is not being vigorously prosecuted or if other appropriate grounds appear.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 23, 2020



Clerk

p0916

# Order

**APPENDIX F**

Michigan Supreme Court
Lansing, Michigan

March 3, 2020

Bridget M. McCormack,
Chief Justice

160534

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
Plaintiff-Appellee,

v

SC: 160534
COA: 349547
Macomb CC: 2018-000127-AR

LATAUSHA SIMMONS,
Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the July 30, 2019 order of the Court of Appeals is considered. We DIRECT the Macomb County Prosecuting Attorney to answer the application for leave to appeal within 28 days after the date of this order. In particular, the prosecuting attorney shall address: (1) whether the circuit court erred in concluding that the defendant failed to serve her claim of appeal in light of the proofs of service and other evidence in the record; (2) whether service of process of the claim of appeal was required to vest the circuit court with jurisdiction to enter an order of acquittal; and (3) whether the prohibition against double jeopardy (see US Const, Am V and Const 1963, art 1, § 15) applies in this case to protect the defendant against a second prosecution for the same offense after the circuit court initially declared the defendant innocent and entered an order of acquittal.

The application for leave to appeal remains pending.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 3, 2020 _____   
                                    Clerk

p0224

**Court of Appeals, State of Michigan**

**APPENDIX G**

**ORDER**

People of MI v Latausha Simmons

Docket No.     349547

LC No.         2018-000127-AR

Deborah A. Servitto
Presiding Judge

Kathleen Jansen

Colleen A. O'Brien
Judges

The Court orders that the motion to waive fees is GRANTED for this case only.

The motion to waive the requirements of MCR 7.209 is GRANTED.

The application for leave to appeal is DENIED for lack of merit in the grounds presented.

The motion for stay pending appeal is DENIED as moot.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

**JUL 3 0 2019**

Date

Chief Clerk

APPENDIX H

## Court of Appeals, State of Michigan

## ORDER

People of MI v Latausha Simmons

Docket No.    349547

LC No.    2018-000127-AR

Deborah A. Servitto
Presiding Judge

Kathleen Jansen

Colleen A. O'Brien
Judges

The Court orders that the motion for reconsideration of this Court's order of July 30, 2019 is DENIED.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

SEP 1 7 2019
_____
Date

_____
Chief Clerk

| STATE OF MICHIGAN<br>COUNTY OF MACOMB<br>16th JUDICIAL CIRCUIT COURT | ORDER | Case No.<br><br>2018-000127-AR |
| --- | --- | --- |

**APPENDIX I**

| PEOPLE OF THE STATE<br>OF MICHIGAN | Plaintiff(s) | Attorney: Eric Smith | | |
| --- | --- | --- | --- | --- |
| VS<br>LATAUSHA FAITH<br>SIMMONS | Defendant(s) | Attorney: Ted Friedman | P# | 27021 |

At a session of the Court, held on _____ **December 26, 2018** _____

ORDER OF   **ACQUITTAL** _____
<br>                                          Title of Order

**IT IS ORDERED:**

For the reasons stated on the record, Defendant's motion is GRANTED, Defendant's conviction is reversed, and all arrest records and fingerprint cards shall be returned to Defendant forthwith.  This order is a final order resolving all claims and closing the case.

HON   CARL J. MADE                                CIRCUIT JUDGE
_____

Approved as to form and substance by:

_____
Signature of attorney for plaintiff

_____
Signature of attorney for defendant

APPENDIX J

## STATE OF MICHIGAN
IN THE 16TH JUDICIAL CIRCUIT COURT FOR MACOMB COUNTY

People of the State of Michigan,
                    Plaintiff-Appellee

                                        Circuit Court No. 2018-000127-AR

                                        District Court No. W160345A

v

                                        Circuit Judge: Carl J. Marlinga

Latausha Simmons,
                    Defendant-Appellant.
_____/

### OPINION AND ORDER
### REVERSING THE DISTRICT COURT
### AND REMANDING THE CASE TO THE DISTRICT COURT

#### Facts and History of the Case

The defendant was charged with attempt resisting/obstructing a police officer, contrary to MCL 750.81(d)(1) and MCL 750.92.

On March 27, 2018, the trial court held an evidentiary hearing on the issue of whether the defendant's arrest was legal. The court held that it was. As a result of that ruling, the trial court precluded the defense from arguing to the jury, at trial, that the arresting officers acted illegally, and, therefore, not in the performance of their duties. Because of that ruling, evidence, testimony and arguments which the defendant would have pursued regarding that element were never allowed at the trial.

The defendant was convicted as charged.

The defendant appealed her conviction. This court heard the appeal and reversed the conviction on the merits, holding that it was error for the trial court to exclude from the jury's consideration one of the necessary elements which had to be proven by the prosecution beyond a

arguments were heard on May 20, 2019. At oral argument, the prosecution conceded that it was

error for the district court to prevent the jury from hearing and deciding whether the officers

were acting legally. The prosecutor conceded that a remand and re-trial was the proper remedy.

The defendant agreed with the prosecution that the district court committed error, but argued that

the proper remedy is a reversal and dismissal of the charges with prejudice. It is defendant's

position that there was insufficient evidence on the element of whether the police officers were

acting legally and within the lawful performance of their duties. Therefore, the defendant argues,

the reversal should be the final order, without a remand for trial, because double jeopardy

attaches when a conviction is reversed for insufficiency of the evidence.

<u>Decision</u>

For the reasons stated below, the conviction of the defendant is REVERSED and the case

is REMANDED to the district court for a new trial.

In 2002, the legislature enacted the current version of the resisting arrest statute, MCL

81d, which was erroneously interpreted in *People v Ventura*, 262 Mich App 370, 686 NW2d 748

(2004), as abrogating the common law rule that a person may resist an unlawful arrest. The

Michigan Supreme Court in *People v Moreno*, 491 Mich 38, 814 NW2d 624 (2012) overruled

*Ventura*, and, in so doing, held that the legislature's removal of the words *"lawful acts"* did not

signal an intent to abrogate the common law right to resist unlawful arrests. As a result of the

Supreme Court's decision in *Moreno*, "the prosecution must establish that the officers acted

lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL

750.81d." *People v Quinn*, 305 Mich App 484, 492; 853 NW2d 383 (2014). Because the trial

judge took that necessary element away from the jury, the conviction must be reversed, and a

new trial is ordered. As with any element of a crime, it is the prosecutor's burden to prove

beyond a reasonable doubt that the police acted legally in the arrest of the defendant. It is not the defendant's burden to prove that the police acted illegally.

This court agrees with the prosecution that the appropriate remedy is reversal and remand for a new trial rather than dismissal. Where a verdict is overturned because of instructional error, the remedy is retrial, not acquittal. *People v Lynn*, 459 Mich 53; 586 NW2d 534 (1998). This court is guided in its holding by the closely analogous case of *People v Reed*, unpublished per curiam opinion of the Court of Appeals issued November 21, 2013 (Docket No. 311067). In that case the defendant was charged with resisting/obstructing a police office. The trial court conducted an evidentiary hearing to determine whether the officer's conduct was lawful. The trial court found the defendant to be the more credible witness and, based on the testimony in the pretrial hearing, dismissed the charge. The prosecution appealed, and the Court of Appeals reversed the trial court's dismissal. The Court of Appeals held that in reaching the decision that the officer acted illegally, the trial court decided an essential element of the charged offense. When the lawfulness of the police conduct is properly understood as an element, it is a question of fact to be decided by the jury – and not by a judge. The Court held that the trial court's determination of this essential element usurped the jury's fact-finding function.

Applying the teachings of *People v Reed*, it is clear that the trial court in this case usurped the jury's fact-finding function. Similarly, if this court determined that the actions of the officers in this case were not lawful, this court would be committing the same error in usurping the jury's function.

Defendant-appellant's request for a dismissal without a retrial must be denied. The insufficiency of the evidence on the element of proving that the officers were in the lawful

reasonable doubt. Because the prosecutor did not file a brief, this court also entered a judgment of acquittal rather than remand the case for a new trial.

The prosecution then filed a motion for reconsideration arguing that the court's order had to be set aside because the defendant never served her claim of appeal on the prosecutor's office. A review of the court files established that the prosecutor's allegation of non-service was true. The defendant filed a claim of appeal in this court, but did not perfect the appeal, as is required by court rule, by serving the prosecutor. MCR 7.104(D)(9). The court determined, however, that the failure to perfect the appeal was understandable given the fact that defendant was acting *in pro per*, and given the further fact that the rules for filing on the court's e-file system are confusing for non-lawyers.

Rather than dismiss the appeal, this court permitted the defendant to re-file her brief as in an application for leave to file a late appeal under MCR 7.103(B)(1)(a) and MCR 7.105(G)(1). Because this court had not acquired jurisdiction at the time it entered its previous orders reversing the district court and entering a judgment of acquittal, those actions of this court were void and of no legal effect. MCR 7.104(A): "The time limit for an appeal of right is jurisdictional." MCR 7.104(B): "To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the circuit court within the time for taking an appeal: (1) the claim of appeal...." *Filing* necessarily includes service on every other party. See MCR 2.107(A)(1) and MCR 7.104(D)(9). This court, therefore, set aside those orders. (Since the court had not acquired jurisdiction at the time it entered a judgment of acquittal, there is no viable double jeopardy issue to consider.)

On appeal this court considered the brief of the defendant-appellant, the brief on appeal of the plaintiff-appellee, and an additional reply brief filed by the defendant-appellant. Oral

performance of their duties arises from the error of the court and not from any wrongdoing on the part of the prosecution. Therefore, the remedy of dismissal with prejudice is not proper.

REVERSED AND REMANDED for further proceedings in the district court consistent with this opinion. This opinion and order closes the case; this court does not retain jurisdiction.

Carl J. Marlinga P17102
Circuit Court Judge

June 5, 2019

# APPENDIX K

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

LATAUSHA SIMMONS,

    Plaintiff

vs                               File No.  2018-000127-AF.

THE PEOPLE OF THE STATE OF MICHIGAN,

    Defendant

_____/

PROCEEDINGS

BEFORE HONORABLE CARL J. MARLINGA, CIRCUIT COURT JUDGE

Mount Clemens, Michigan - Wednesday, December 26, 2018

APPEARANCES:

For the Plaintiff:     MR. THEODORE H. FRIEDMAN (P#27021)
                       ATTORNEY AT LAW
                       19785 West Twelve Mile Rd, Number 160
                       Southfield, Michigan  48076-2584
                       (248) 354-6160

Transcribed by:       REBECCA A. RUSSELL CSR-4105
                       Certified Court Reporter
                       (586) 469-5047

1       Mount Clemens, Michigan

2       Wednesday - December 26, 2018

3       8:52 a.m.

4           •      *       *

5       THE COURT:  Next.  Call it.

6       COURT CLERK:  2018-127-AR; Simmons versus the

7   State of Michigan.

8       MR. FRIEDMAN:  Ready.  Good morning, Your

9   Honor.

10      THE COURT:  Good morning.

11      MR. FRIEDMAN:  For the record, Ted Friedman,

12  representing Latausha Simmons.  Your Honor, this is the

13  date and time for oral argument and my appeal of Ms.

14  Simmons' conviction in 37th District Court.  This is the

15  date and time set for oral argument in this matter as

16  I've said.  Prior to coming on the record, I asked your

17  efficient clerk, Jessica, to confirm that no response to

18  my brief had been filed and that is the case.  None has

19  been filed.  And as far as I can tell no one has checked

20  in for the prosecutor and to save everybody's time and

21  dubious, I move to - move this Court to grant my relief.

22          The relief I would request would not be for a

                                    3

1    new trial, but for dismissal of the conviction.  If the

2    Court wishes to hear more from me, obviously I'm ready,

3    but -

4            THE COURT:  I - I'm just thinking this over.

5    Hold on one second.  There's something that really stood

6    out in my mind that the prosecution did terribly wrong

7    and I'm sure from your point of view, it's like, there's

8    a long list, Your Honor, what do you want to pick from?

9            Oh, yeah.  It was on the - the jury

10   instruction.  In the District Court - just tell me, how

11   did it come about that - well, you probably don't know,

12   but you're more familiar with the record than - than I

13   am, how was the lawfulness of the police activity not

14   permitted to be a factor for the jury to decide?

15           MR. FREIDMAN:  Totally disagree with that,

16   Judge - totally disagree with that.  That was - to answer

17   the Court's question, that happened at a pre-trial

18   motion.  I got on the case late, after the verdict.  The

19   pre - attorney representing Ms. Simmons brought a motion

20   pre-trial to dismiss and the issue there was the legality

21   of the arrest and the trial judge ruled - denied the

22   motion and then when - when the case came up for jury

23   trial, the trial judge said, I have litigated - we have

24   litigated that issue previously at the motion hearing and

4

1    therefore I will not allow that to be presented to the

2    jury and I have extensive - not only - not only in the

3    brief, but I've got additional authority particularly MRE

4    401, which deals with relevant evidence.  Relevant

5    evidence is evidence that tends to prove or disprove a

6    issue - an issue -

7           THE COURT:  In fact, that rule says any

8    tendency -

9           MR. FRIEDMAN:  Yes.

10          THE COURT:  - and so it's even by - by a

11    featherweight.

12          MR. FRIEDMAN:  Yes.

13          THE COURT:  Right.

14          MR. FRIEDMAN:  Yes, and you - Your Honor said

15    it for me.

16          THE COURT:  Yeah.

17          MR. FRIEDMAN:  And that's my - and I've got a

18    case law to - to support that as well.

19          THE COURT:  Yeah.  Well, the reason that I had

20    this discussion on the record, I read the brief.  Even if

21    the - somebody on behalf of the State of Michigan or the

22    City of Warren did appear, on the merits, you win.  This

23    matter is reversed and a judgment of acquittal is entered

24    in favor of the Defendant.

1          MR. FRIEDMAN:  Thank you, Your Honor, very much

2     and I would ask, may the order also reflect that the -

3     the Defendant is to be given back all arrest records and

4     fingerprints -

5          THE COURT:  Yes.  Write up the order.  There -

6     there's a standard - standard language, but arrest card,

7     fingerprints, and all indicia that she had been arrested

8     has to be cleared out on the public record.

9          MR. FRIEDMAN:  I will do so.

10          THE COURT:  Okay.

11          MR. FRIEDMAN:  Thank you, very much, Your

12     Honor.

13          THE COURT:  Congratulations and on behalf of

14     the State of Michigan let me apologize to the Defendant

15     for going through what you did go through.  I mean, even

16     if the instructions had been correct, I see no way that

17     you could have been or should have been convicted on this

18     evidence.

19          PLAINTIFF:  Thank you.

20          THE COURT:  You're an innocent person.  Finally

21     the record caught up with that.  Thank you.  Okay.

22          PLAINTIFF:  Thank you.

23          MR. FRIEDMAN:  Thank you, Your Honor.  Have a

24     happy new year.

1           THE COURT:  Thank you.  Happy New Year.

2           (At 8:56 a.m., hearing concluded)

3           * * * * *



U.S. MARSHALS

United States District Court
for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
CLERK'S OFFICE, RM 599
231 W. Lafayette Blvd
Detroit, Michigan 48226

UNITED STATES
POSTAL SERVICE

F

Retail

US POSTAGE PAID
$2.49
Origin: 48233
04/20/23
2565050216-02

FIRST-CLASS PKG SVC - RTL™

0 Lb 10.30 Oz

RDC 06

C052

SHIP
TO:
231 W LAFAYETTE BLVD
DETROIT MI 48226-2700

USPS TRACKING® #

9500 1109 5141 3110 6158 70